## SALSBURY *v.* ELLISON.

(*Supreme Court of Colorado, January 25th, 1884—Error to the District Court of Boulder County.*)

1. ASSIGNMENT MAY BE MADE BY SURVIVING PARTNER, BUT WITHOUT PREFERENCE. A surviving partner may make an equitable and just assignment of the partnership effects for the equal benefit of all the firm creditors, but in his position as trustee for all of such creditors, he is not permitted to make an assignment and give preference therein to certain favored ones.

2. EQUITABLE DEFENSE IN LEGAL ACTION. Under the practice in this State, an equitable defense may be made in a legal action; and, therefore, the defense that such an assignment is fraudulent and void as against an unpreferred creditor, may be interposed in a legal forum.

3. SAME—MADE BY PROOF WITHOUT OBJECTION. Although such defense be not averred in the pleadings, yet if plaintiff establishes the same in making out his case, the objection that it is not pleaded in the answer, will be considered as waived, and defendant may have the benefit thereof.

HELM., J.   B. F. Pine, Jr., being the surviving partner in the firm of B. F. Pine & Son, executed a written assignment of all the firm property to defendant in error; this assignment was for the benefit of the firm creditors, but gave preference to two of them.   The firm being insolvent, Brinker, one of the creditors not so preferred, brought suit and recovered a judgment for the amount of his claim; in aid of such suit he caused plaintiff in error, as deputy sheriff, to levy a writ of attachment upon the property, three days subsequent to the assignment thereof.   Thereupon defendant in error, the said assignee, instituted his action of replevin for possession of the goods.   This action was successful, and the present writ of error was sued out of this Court to reverse the judgment rendered therein.

At the trial of the cause, the written assignment aforesaid was admitted in evidence over defendant's objection.   This action of the Court is assigned for error, and the most important questions presented rest upon this objection:   Can the surviving partner of an insolvent firm assign the partnership effects for the benefit of preferred partnership creditors?   If he cannot do so, may the validity of such assignment be questioned in a legal action by a firm creditor, or must an equitable action be first instituted to cancel and set aside the same?

The surviving partner is a trustee, the firm property being the trust estate; the partnership creditors and the representatives of the deceased partner, are the beneficiaries; there being also a beneficial interest in favor of the surviving partner himself; the sole purpose of the trust is the closing up of the partnership business, and payment of the surplus, if any, after settlement of the debts, to the proper parties.

In the performance of his duties, the surviving partner is governed by the rules applying to ordinary trustees. His acts are scrutinized with the same care, and he is held to the same diligence and good faith as is required in the management of other trust estates. *Gillett et al.* v. *Gaffney et al.*, 3 Colo., 364.

His right to make an equitable and just assignment of the partnership effects and credits, for the equal benefit of all the creditors, is now recognized by a preponderance of authority. Such right is, we think, also recognized and regulated by Sec. 68, of the General Statutes. When the assignment before us was executed, however, this act had not become a law. Therefore our present investigation is not governed or in any manner affected thereby. But an assignment for the benefit of preferred creditors, *the firm being insolvent*, is declared invalid by Courts of the highest dignity and worth. In his position of trustee for *all* the firm creditors, the surviving partner is not permitted to sacrifice the interests of one by favoritism shown to another. If there be not sufficient partnership property to pay all the debts, equity and good conscience require that the trustee shall distribute the proceeds therefrom ratably among the creditors.

There are authorities which seem to hold that a surviving partner may prefer creditors in settling the firm obligations; but so far as we have been able to discover, with a single exception, there was no question of insolvency in the cases upon which such declaration rests. The reason for the rule prohibiting preference among the creditors did not exist, and therefore such cases do not militate against the correctness of the rule where such reason appears. If the firm assets are sufficient to pay all of the firm debts, so that each creditor will ultimately receive compensation in full, preference in the time or order of payment may not be inconsistent with the conditions of the trust. The exception referred to is the case of

*Egberts* v. *Wood*, 3 Paige's Chancery R., 526, in which the Chancellor suggests that the representative of the deceased partner has "no interest in the question as to what debts shall be paid first in case the partnership effects are insufficient to pay the whole," and therefore an assignment for the benefit of preferred creditors cannot be impeached on the ground that such representative had no knowledge thereof  The suit was brought by a firm creditor; the assignment was not sustained, but the reason given for declaring it void was, that one of the *surviving partners* had no knowledge thereof and gave no consent thereto.

But counsel for defendant in error insist that the acts of the surviving partner in this respect can only be questioned in a Court of equity; that his assignment for the benefit of preferred creditors cannot be attacked in a legal forum.

From the nature of the transactions and legal status of the parties interested, it is true that these questions more often arise in equitable actions. But such an assignment, insolvency appearing otherwise, is held void as against a creditor injured thereby. No investigation is necessary to disclose this fact, for the instrument, the assignor being insolvent, bears on its face evidence of its own invalidity. Where the void assignment is offered and relied upon by the party to be benefitted thereby, there would seem to be no good reason why objection thereto may not, under our practice, be made in a Court of law. In the action of ejectment, Courts of law have long assumed the privilege of rejecting a void deed; and they have insisted upon a large concurrent jurisdiction with Courts of equity in investigating certain questions of fraud for the purpose of determining such invalidity. A resort to equity is necessary to set aside or cancel such an instrument and remove the cloud upon title; but the defect appearing on its face or being disclosed in a proper manner, Courts of law simply treat the deed as a nullity and ignore its existence. We do not think that such an assignment as the one before us, ought to receive any greater consideration or protection than a void deed to realty. And this is especially true under our present system of procedure.

Had plaintiff averred ownership of the property replevied by virtue of the assignment, defendant would have met the

averment with an allegation of fraud upon creditors in the assignment; and the issue made upon this question would have been fully tried. There being only a general allegation of ownership in the complaint, it would be unjust to say that defendant might not object to the instrument upon which such ownership and right to possession entirely depend, where the matters appearing on the face of the instrument itself, together with the evidence already before the Court, establish the fact that the claim of ownership is without foundation.

It must be borne in mind that the proofs of plaintiff in making out his case, including evidence without objection on cross-examination, show beyond question, the *insolvency* of the partnership at the time of the assignment; also the facts that the assignment was made for the benefit of preferred creditors, and that Brinker was an unpreferred creditor to the extent of over $3,000. And therefore plaintiff himself thus established a defense against his own action, which, if properly averred, would be decisive in a Court of equity. It must also be remembered that under our practice an equitable defense is available in a legal action; and, therefore, defendant was entitled upon proper averment to prove the same as an affirmative defense in this case. He would not be permitted, after plaintiff makes out a *prima facia* case and rests, to offer evidence of a defense either legal or equitable, which was not presented by the pleadings. But when the evidence of plaintiff, in support of his case, discloses a perfect defense, whether the same be equitable or legal, he will be deemed to have waived the defect arising from a want of averment thereof in the answer, and defendant may have the benefit of such defense. This is especially true where, as in the case before us, defendant may not, previous to the trial, have information which would enable him to plead the defense in his answer.

Had the assignment been rejected by the Court when offered in evidence, plaintiff could not have recovered; having been received in connection with the other proofs, it established a defense and defeated his claim of right to possession of the property in controversy.

The judgment will be reversed and the cause remanded.

[Mr. Justice STONE concurs in this opinion, BECK, C. J., dissents.]

### DISSENTING OPINION.

BECK, C. J.   The issues in this case were purely legal.   The action was replevin, the complaint merely alleging ownership of the attached goods in the plaintiff Ellison.   The answer denies such ownership—alleged ownership in B. F. Pine, the surviving partner of the late firm of B. F. Pine & Co., and an indebtedness of the firm to the attaching creditor.   The fact that the plaintiff acquired his title through an assignment for the benefit of creditors, made by the surviving partner, was not mentioned in the pleadings.

Prior to the recent statute, (which, however, does not affect this case,) it was only in equity the rule obtained that the surviving partner of an insolvent firm could not assign the firm assets with preferences to certain of the creditors.   Aside from this equitable rule the surviving partner could assign and convey the assets the same as his own property.   Holding the legal title and possession he could invest a purchaser or assignee with good title.   Of course fraud may vitiate any contract, but the element of fraud in fact does not enter into this case. Neither does any matter of equitable defense, for the reason that no such defense was set up in the pleadings.

The assignment does not show on its face that the late firm of B. F. Pine & Co. was insolvent.   This appeared by extrinsic evidence, elicited on the cross-examination of the surviving partner, who was a witness for the plaintiff.

While an equitable defense may be interposed in a legal action, I am of opinion that to entitle a defendant to the benefit thereof, proper notice must be given that such a defense will be relied upon.

Where this is not done I do not think that a party who has failed to sustain the legal issues involved in a cause, is entitled to equitable relief based on the testimony only.

For the above reasons I dissent from the opinion of the Court.

*Harman & Ellis,* for plaintiff in error.

*Platt Rogers* and *R. C. Whiteley,* for defendant in error.