1883, had been brought in this Court; but such is not the fact. And the question is, not whether the pendency of another suit for the same cause in a Court of the State will abate an action in this Court. We are now considering whether in several actions for the same cause between the same parties in a Court of the State, the parties may proceed to trial in one and afterwards remove another under the act of 1875, and have the right to try the latter in the Federal Court. That question must be answered in the negative. It was suggested, also, that upon an action at law to recover real property in a Court of the State, a bill can be maintained in this Court to preserve the property pending the suit at law; but that rule is applicable only when the jurisdiction of the State Court has not been invoked. If in the principal suit at law, relief by way of injunction is asked for, there can be no ground upon which to ask for the same thing in this Court. Before the application to remove the suit of November 10th, 1883, was made in the District Court of the State, all matters in controversy between the parties had been tried and once determined in that Court, and the right of removal no longer existed. The suit of November 10, 1883, was improperly removed to this Court, and the motion for injunction will be denied.

*G. G. Symes,* for plaintiffs.

*Thos. Macon* and *Chas. S. Thomas,* for defendant.

———————

## SALISBURY *v.* ELLISON.

(*Supreme Court of Colorado, April 1, 1884—Error to the District Court of Boulder County.*)

REHEARING granted.

HELM, J. We discover no reason for changing our views upon the leading questions considered in the opinion deciding the case.

The following propositions were announced and are still adhered to, viz:

*First*—That an assignment by the surviving partner of an insolvent firm for the benefit of preferred creditors is invalid in equity, when the question is properly drawn in issue, and that this was true before the adoption of our recent statute on the subject.

*Second*—That in actions at law, appropriate equitable defenses may be interposed.

*Third*—That if the defense be not averred in the answer, yet be fully established by the plaintiff in attempting to make out his case in the first instance, he will be deemed to have waived the absence of averment, and cannot recover if objection be taken by defendant; and

*Fourth*—That this waiver takes place, under our practice, whether the specific defense proven by the plaintiff be legal or equitable.

But these propositions must, of course, be understood with the qualification that the legal action is between the proper parties; and that the defense, legal or equitable, is one of which the *defendant* is entitled to the benefit.

In their argument supporting this petition for a rehearing, counsel urge with considerable force that the defendant in this case has no interest in the equitable defense above stated, and was not entitled to plead the same; also, that the question of fraud in the assignment could only become important and be adjudicated in an action to which the surviving partner, and the unpreferred creditors as well as the assignee, were parties.

We have decided to grant the prayer of the petition, for the purpose of more fully considering these questions; the arguments upon the rehearing will be confined thereto.

*Rehearing allowed.*

BECK, C. J.  I concur that a rehearing should be granted.

*Harmon & Ellis*, for plaintiff in error.

*Platt Rogers* and *R. H. Whitley*, for defendant in error.