## SALSBURY V. ELLISON.

Before the adoption of section 68 of the General Statutes, an assignment made by the surviving partner of an insolvent firm for the benefit of creditors should be held valid as the parties made it, or entirely void.

*Error to District Court of Boulder County.*

UPON rehearing granted.

Messrs. HARMON and ELLIS, for plaintiff in error.

Mr. HUGH BUTLER, for defendant in error.

HELM, J. At the December term, 1883, an opinion was filed, reversing the judgment in this case. Afterwards, upon petition therefor, a rehearing was granted; but such rehearing was confined to two questions, which were clearly stated. See 7 Colo. 304.

Upon these subjects briefs and arguments have been filed. After examination of such arguments and the authorities cited, we are satisfied that, so far as the questions submitted are concerned, the conclusion of reversal announced in the first opinion is correct, and should be adhered to.

Under the circumstances, we feel warranted, however, in adding at this time a few suggestions pertinent to the case.

The declaration has been made, and considerable reliance seems to be placed thereon, that no actual fraud appears in this record. It may be answered, that, in the evidence given before plaintiff rested, there are indications of such fraud; and it is not impossible that the assignment relied on may have been tainted therewith. But, as a jury had passed upon the question, we preferred to accept their finding, and rest the reversal upon fraud in law, deduced from the instrument of assignment itself, and accompanying proofs.

In reviewing the authorities upon this rehearing, two

or three decisions have been found which would seem to have sustained us had we held the assignment void in part and good as to the remainder, instead of avoiding it altogether. These cases tend to a recognition of the doctrine that such an assignment will be sufficient in equity as well as at law to pass the legal title to the assignee; but that in the former forum the preference given therein to certain specified creditors will be ignored, and that in equity the assignee will be required to distribute the property *ratably* among all the creditors. In the principal opinion we declared that the surviving partner of an insolvent firm might, in the first instance, "make an equitable and just assignment of the partnership effects and credits, for the equal benefit of all the creditors." 7 Colo. 167.

But when he has made such an assignment as the one before us, a majority of the court entertain grave doubts, notwithstanding the cases above mentioned, as to the propriety, even in equity, of reconstructing the instrument, and making a new arrangement for the parties.

Section 68 of our General Statutes, adopted since this assignment was made, appears, in effect, to enact that such an assignment shall be void only in so far as it prefers creditors. In the absence of statute, however, we are inclined to the opinion that, in cases like this, the courts should treat the instrument as an entirety, and hold it valid as the parties made it, or entirely void. This view is supported by respectable authority.

It is perhaps due to counsel that some notice be taken of their repeated suggestion concerning the supposed injustice of allowing the attaching creditor to secure payment and cutting off the creditors preferred in the assignment. We would gladly make or direct such order as would produce a ratable distribution of the assets among all the creditors; but the subject is not before us in such form as to warrant definite action to this end. We are not, however, prepared to say that counsel's fears

in this direction need necessarily be realized. It may be that some procedure, based upon statute or otherwise, will suggest itself, through which an equitable apportionment of the firm property can yet be secured. But if there be no such relief attainable, and if some one of the creditors must have an advantage, the same may well be given to the attaching creditor in this instance. The groceries attached were sold by him to the partnership. It is true that this fact did not operate to give him a specific lien thereon for the purchase price; and it is also true that he possessed thereby no legal superiority over other creditors; but it is a circumstance worthy of mention in response to counsel's speculations as to the inequitable distribution of assets.

The cause will be remanded in accordance with the judgment of reversal heretofore entered.

*Reversed.*

STONE, J., concurring.