**SNELL, Plaintiff-Appellee v. BOWSER, et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1728. Decided April 29, 1943.

Munger & Kennedy, Dayton, for plaintiff-appellee.
D. H. Wysong, Dayton, for defendants-appellants.

### APPLICATION FOR REHEARING

BY THE COURT:

Submitted on application of defendants-appellants for rehearing. The gist of the application is that inasmuch as the evidence adduced by the plaintiff disclosed a defense of payment by the defendants that the court should not have directed a verdict at the conclusion of plaintiff's case.

Appellant cites the case of Salisbury v. Ellison, 7 Colo., 167, 49 Am. Rep., 347, in which the opinion of the trial judge supports the position of the appellant in this case. However, the opinion was not necessary to the judgment in Salisbury v. Ellison and, insofar as we know, may not have been the basis of the judgment of the majority of the court. In any event, in Ohio, the law is well settled that payment of a negotiable instrument is an affirmative defense which must be specially pleaded and, if not, a general denial does not authorize proof of payment and defendants made no effort to

amend their answer. 29 O. Jur., 1254, citing McBride v. Moore, Wright's Reports 524, **Worst v. Colonial Savings Bank & Trust Co., 11 Oh. Ap., 308, Margeson v. Kellar, 12 O. C. C. (N. S.), 496.**

We reiterate what we stated in the original opinion that we regret the fact that this case must be determined upon the technical effect of the pleadings. If any member of this court had been acting as the trial judge, he would have overruled the motion for a directed verdict and permitted the defendants to offer testimony in their behalf. However, we are reviewing a judgment and to reverse and remand we must be required to say that upon the state of the record prejudicial error intervened against the defendants in the particular asserted. We do not so find except as in our original opinion stated.

The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.