[Civ. No. 229.   Second Appellate District.—June 15, 1906.]

ELIAS BECKMAN, Appellant, v. WILLIAM G. WATERS and SAN MIGUEL ISLAND COMPANY, Respondents.

EJECTMENT—RENTS AND PROFITS—PLEADING—JOINDER OF CAUSES OF ACTION—COMMINGLED STATEMENT—DEMURRER.—A cause of action to recover the possession of real property may be united with a cause of action to recover the rents and profits thereof, and the fact that they are commingled and not separately stated is not ground of demurrer to the complaint.

ID.—TRUST RELATION OF DEFENDANTS TO PLAINTIFF—STATUTE OF LIMITATIONS—ADMISSION UPON DEMURRER.—Where the complaint shows

the existence of a trust relation between plaintiff and the defendant, which was repudiated within the statute of limitations, the facts admitted upon demurrer to the complaint preclude the ground of demurrer that the cause of action is barred by the statute.

ID.—GROUNDS FOR EQUITABLE RELIEF—REPUDIATION OF RIGHT OF PURCHASE—ADVERSE CLAIM—QUIETING TITLE.—Where it appears from the allegations of the complaint that defendants, after having obtained possession under an option to purchase the property, on which part of the purchase price had been paid, repudiated the contract, under which possession was held, and refused to pay the balance of the purchase money which would entitle them to the property, and asserted an adverse claim thereto, the facts admitted upon demurrer are a ground for equitable relief, and to quiet plaintiffs' title.

ID.—EXTENSION OF OPTION TO PURCHASE—REVOCATION UPON NOTICE—COMMENCEMENT OF ACTION.—The indefinite extension of the option to purchase the property was a privilege given by the plaintiff which he might revoke upon notice, and the bringing of the action is a sufficient notice that the option has been terminated.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellant.

W. S. Day, and Henley C. Booth, for Respondents.

ALLEN, J.—Action to recover possession of real property, and for rents, issues and profits. Demurrer to complaint sustained and judgment thereon, from which plaintiff appeals.

The complaint alleges that plaintiff, in February, 1892, was the holder of the legal title to certain real property, known as San Miguel island, and certain livestock thereon, together with implements of husbandry, and a sloop used in the business of said island. That on said date plaintiff executed to defendant, Waters, a certain written instrument, set out in the complaint, by which he granted to said defendant the option and privilege of purchasing all of said property at any time within three years from the date thereof, for the sum of $7,000 and interest; upon payment of which sum plaintiff obligated himself to execute to said

Waters proper conveyances for the whole of said property, except such as was sold in the meantime, and in the event of such payment with interest when the same became due, to credit the amount of such sales upon such indebtedness. Time was made of the essence of the contract. That plaintiff retained possession of all of said property; that in March, 1892, defendant paid on account of said purchase price $1,000, and thereafter, and before May, 1896, plaintiff received from sales of property so included in said option an additional sum of $1,500, which amounts were all the sums received by plaintiff on account of said option to sell. That after May, 1896, until March, 1897, defendant, Waters, assumed control of said island for plaintiff and in his own behalf as prospective purchaser. That in March, 1897, the defendant corporation was formed, of which Waters was the principal stockholder and general business manager; and Waters conveyed to said corporation all of his interest in and to said property described in said option, and the same was accepted by said corporation with full knowledge of the rights and interests of the respective parties. That said Waters, until the formation of said corporation and the said corporation after its organization, held possession of said island and property as trustee for plaintiff, and not otherwise. That between March, 1897, and the date of the commencement of the action, defendants received from the rents, issues and profits of said island and the other property more than $20,000, which they kept and appropriated to their own use and refused to account for the same to plaintiff. That ever since March, 1904, the defendants have disavowed their fiduciary relation to plaintiff and claimed ownership to all of said property adversely to plaintiff and denied plaintiff's right of possession thereto. Plaintiff alleges that the defendants are disposing of said property and threaten to dispose of all thereof; that defendants are insolvent, and will, unless restrained, continue to sell said property to plaintiff's irreparable loss and injury. Plaintiff alleges that the option so granted was extended indefinitely. The prayer of the complaint is for a decree devesting defendants of all claims or demands to said property and an accounting for rents, issues and profits and a judgment therefor, and for other relief.

Defendants demurred to the complaint generally, and also specially upon the ground of ambiguity and uncertainty, and upon the ground that several causes of action are improperly united and not separately stated; and further that the claims of plaintiff are barred by the statute.

We think the court erred in its order and judgment sustaining the demurrer. The action is clearly one to recover possession of real property and for rents, issues and profits; and under section 427 of the Code of Civil Procedure, such causes of action may be united. That the causes of action so proper to be united were not separately stated is not ground of demurrer. (*City Carpet Works* v. *Jones*, 102 Cal. 510, [36 Pac. 841]; *Murphy* v. *Crowley*, 140 Cal. 150, [73 Pac. 820].) We perceive no ambiguity or uncertainty in the complaint. It comprehends a statement of facts admitted by the demurrer to be true, which entitles the plaintiff to relief in equity. The admission that the defendant at all times before 1904 held possession and received the rents, issues and profits as agent and trustee of the plaintiff, and not otherwise, disposes of all questions involved in the plea of the bar of the statute. The defendants having admitted that they have repudiated the contract under which they hold possession, and that they have refused to pay the balance which entitles them to the property, plaintiff can maintain the present action in the nature of an action to quiet his title on account of defendant's asserted claim and interest therein. (*Woodward* v. *Hennegan*, 128 Cal. 302, [60 Pac. 769].)

There is nothing in the complaint from which we may infer that mortgage rights are claimed. While the extension of the option was indefinite, such extension was a privilege given by plaintiff which he might revoke upon notice, and the bringing of the action is a sufficient notice that the option has been terminated.

The judgment is reversed and cause remanded, with instructions to the trial court to overrule the defendants' demurrer to the amended complaint.

Smith, J., and Gray, P. J., concurred.