R. M. MARTIN, Executor, v. MARY F. GOODE, Administratrix.

*Parties—Jurisdiction—Pleading—Administration—Will.*

1. The aggregate sum demanded in good faith is the test of the jurisdiction of the Court, though this aggregate is made up of several causes of action.

2. The jurisdiction of the Superior Court is not ousted by failure of proof, or by sustaining a demurrer as to part of the demand.

3. When the complaint alleged a liability of the defendant administratrix *c. t. a.* for $150 and interest, balance due on an annuity devised, and another liability for $359.46 due because of her failure to board her mother according to the direction of her testator's will, it was *Held,* that a demurrer to the jurisdiction was improperly sustained, and this, though the Court below ruled that the second cause of action could not be maintained.

4. The Superior Court has a right *ex mero motu* to direct that pleadings shall be more explicit, as that an entire will, instead of one clause thereof, shall be set out.

5. The clause of a will, " my mother is to have $150 out of my estate annually as long as she lives, and that she remain with my wife during the remainder of her life " imposes no charge upon the testator's estate for board of his mother.

MARTIN v. GOODE.

This was a CIVIL ACTION, heard upon demurrer by *Brown*, *J*, at the Spring Term of NORTHAMPTON Superior Court.

The complaint alleged a liability of the defendant administratrix *c. t. a.*, for $150, an annuity charged against her testator's estate, and another liability for $359.46 for the value of board refused to be furnished by the administratrix, and which it was alleged she was liable to furnish under the following clause of the will which was set out in the complaint: "My mother, Letitia Edwards, is to have one hundred and fifty ($150) dollars out of my estate annually as long as she lives, and that she remain with my wife Mary F. Parker during the remainder of her life." The facts are sufficiently set out in the opinion.

*Messrs. W. W. Peebles & Son* (by brief), for plaintiff.
*Mr. R. B. Peebles* (by brief), for defendant.

CLARK, J.: It is the sum demanded in good faith which is the test of jurisdiction. Const., Art. IV., sec. 27; *The Code*, § 834. Though there may be several causes of action, each of which is for less than $200, if the aggregate demand is for more than $200, the Superior Court has jurisdiction whenever the causes of action are such as can be joined in the same action. *Maggett* v. *Roberts*, 108 N. C., 174; *Moore* v. *Nowell*, 94 N. C., 265; Estee's Code Pleading, sec. 1609.

Should the sum demanded be reduced under $200 by failure of proof, or by sustaining a demurrer to any part thereof, or to some of the causes of action, the jurisdiction would not thereby be ousted (*Usry* v. *Suit*, 91 N. C., 406, 414; *Brickell* v. *Bell*, 84 N. C., 82), except when the sum demanded is so palpably in bad faith as to amount to a fraud on the jurisdiction (*Wiseman* v. *Witherow*, 90 N. C. 140), or where there is a misjoinder of parties. *Mitchell* v. *Mitchell*, 96 N. C., 14. If there is simply a misjoinder of causes of action, the Judge should order the action divided

111—19

not dismissed. *The Code*, § 272; *Street* v. *Tuck*, 84 N. C., 605; *Finch* v. *Baskerville*, 85 N. C., 205; *Hodges* v. *Railroad*, 105 N. C., 170.

In the present case there are two causes of action alleged against the defendant as administratrix *c. t. a.*—one of $359 46, and another of $150—both bearing interest from dates set out. Both are alleged specifically in the complaint as liabilities to be satisfied " out of the estate " of the testator. There was on the face of the complaint no misjoinder of parties, and there was error in dismissing the action.

If the Court below was correct in holding that the first cause of action was not a valid charge against the estate (and should more properly have been sued for against the defendant personally), still that would not make it a case of misjoinder. There would be simply a failure as to a part of plaintiff's demand.

It may be there was defective pleading in attempting to obtain the construction of a will with so small a part thereof set out. In such cases much often depends upon the context, and all the will, or at least all material parts, should be appended to the complaint as an exhibit, unless set out in the body of the complaint. It is probably a case where the Court below *ex mero motu* should have directed the pleadings to be made more explicit under *The Code*, § 261; *Turner* v. *Cuthrell*, 94 N. C., 239; *McKinnon* v. *McIntosh*, 98 N. C., 89; *Buie* v. *Brown*, 104 N. C., 335.

As it may avoid the necessity of another appeal, we will say, however, that if the only clause of the will bearing upon the subject is section 4, which is set out in the complaint, we concur with his Honor below that there was no charge imposed by the will upon the testator's estate for the board of his mother. Whether the wife, by taking benefit under the will, has taken it *cum onere*, so as to be chargeable individually with the mother's board, is a question not material in this action.

The judgment of dismissal must be set aside, and the case remanded to the Superior Court, that the complaint may be reformed in accordance with this opinion.

Reversed.