BROWN v. SOUTHERLAND.

(Filed October 9, 1906).

*Action for Breach of Covenant of Seizin—Jurisdiction—*
*Title to Real Estate in Controversy—Practice.*

1. Where the complaint alleges that the defendants conveyed to the plaintiffs certain lands by deed, "with full covenants of seizin"; that the defendants were not seized of a portion of said lands, and that by reason thereof there was a breach of said covenant whereby they sustained damage to the amount of $57, the Superior Court had jurisdiction of the action under Art. IV, sec. 27, of the Constitution, the title to real estate being in controversy.

2. The defendants by moving to dismiss on the pleadings, cannot oust the jurisdiction of the Superior Court, provided the complaint sets forth facts which present a case in which the title to real estate is in controversy.

3. The provisions of Rev. sec. 1424 cannot be invoked where it does not appear that the action before the Justice was dismissed "upon answer and proof by the defendant that the title to real estate was in controversy," as this cannot be inferred.

ACTION by R. Q. Brown and wife against R. B. Southerland and wife, heard by *Judge James L. Webb* and a jury, at the August Term, 1906, of the Superior Court of WAYNE.

Plaintiffs sued in the Superior Court alleging that defendants conveyed to them certain lands by deed, "with full covenants of seizin, against encumbrances and with general warranty." That defendants were not seized of a portion of the lands conveyed, and that by reason thereof there was a breach of said covenant of seizin whereby they had sustained damage to the amount of $57.58, wherefore they demanded judgment, etc. Defendants admitted the execution of the deed and denied that there was any breach of the covenant of seizin, except as set forth in the affirmative matter set up in the answer. Defendants, for a further defense, say that the land, in respect to which they had no seizin, was included

142—15

in the deed by mistake of the draftsman. That plaintiffs contracted to purchase certain land, and that when the deed was prepared the draftsman followed a survey which was furnished him and, by mistake, included in the description the land in controversy. When the cause came on for trial defendants moved the Court to dismiss the action, for that the Court had no jurisdiction, the amount demanded being less than two hundred dollars. His Honor being of the opinion that upon the pleadings the title to land was not in controversy, granted the motion. Plaintiffs excepted and appealed.

*A. S. Grady* and *W. C. Munroe* for the plaintiffs.
*F. R. Cooper* for the defendants.

CONNOR, J., after stating the case: Counsel concede that the exact point presented by the appeal has not been before this Court. The solution of the question depends upon the construction of the Constitution, Art. IV, sec. 27: "The several justices of the peace shall have jurisdiction    *    *    * of civil actions founded on contract wherein the sum demanded shall not exceed two hundred dollars, and wherein the title to real estate shall not be in controversy." See, also, Revisal, sec. 1419. This section, when analyzed, confers jurisdiction on justices in actions "founded on contract" wherein: 1. The sum demanded shall not exceed $200, and, 2. The title to real estate shall not be in controversy. Here the sum demanded is within the jurisdiction of the justice, but plaintiffs say that the jurisdiction is not given, because the title to land is in controversy. That upon the pleadings it is manifest that the issue raised—the alleged breach of the covenant of seizin—involves the inquiry whether the defendants were seized, that is, had title to the land conveyed in the deed. Defendants say that the answer admits that they had no title, therefore there was nothing to try. This position eliminates the defense that the land was included in

the deed by the mistake of the draftsman, and presents the question upon the allegation and denial in respect to the breach of the covenant. The answer admits that the deed, as written, covers and includes the land in controversy. It is true that in their further defense defendants admit that they had no such land. The test by which jurisdiction is fixed, when the motion to dismiss is made upon the complaint, is whether from the allegations of fact the "amount in dispute" is more or less than two hundred dollars. *Froelich v. Express Co.,* 67 N. C., 1. This Court has uniformly held that when the sum demanded, in good faith, is in excess of two hundred dollars, the jurisdiction is not ousted by the reduction of the amount by failure of proof. *Martin v. Goode,* 111 N. C., 288, in which the decided cases are cited. *Sloan v. Railroad,* 126 N. C., 488. Applying the same test here, it is clear that the complaint alleges a state of facts which, if true, involves the title to land. Defendants, by moving to dismiss on the pleadings, cannot oust the jurisdiction, provided the complaint sets forth facts which present a case in which the title to real estate is in controversy. The fact, if it be conceded, that the answer admits the plaintiffs' right to recover, cannot affect the question of jurisdiction. The defendants do not admit that plaintiffs are entitled to recover; on the contrary, they set up an equitable defense that the land was included in the deed by mistake. If they should succeed in establishing this defense, of course the plaintiff would not be entitled to recover, either upon the ground that the deed would be corrected and thereby the land, in respect to which there is a breach of the covenant, eliminated, or the plaintiff would take only nominal damages. It was the evident purpose of the framers of the Constitution, while enlarging the jurisdiction of the justices of the peace in respect to the sum demanded, to exclude from their jurisdiction the trial of title to real estate. We can readily see that in actions for breach of covenants it would be almost impossible to avoid the trial

of issues involving such title. The very matter in controversy here is whether the defendants were seized of the land conveyed, thus presenting, necessarily, the question of title and thereby ousting the jurisdiction of the justice. It will be observed that the statute further provides that if the question of title is not raised upon the pleadings, but shall appear to the justice, "on the trial," to be in controversy, he shall dismiss the action. We are of the opinion that his Honor was in error in granting the motion to dismiss. In the case of *Templeton v. Summers,* 71 N. C., 269, cited by defendants, it was manifest that the title to land was not involved, and what is said there does not conflict with our conclusion. Plaintiffs call our attention to the fact that the case on appeal states that an action between the same parties on the same subject-matter had been dismissed before a justice of the peace of Sampson County, thereby invoking the provisions of sec. 1424 of the Revisal of 1905, which provides: "When an action before a justice is dismissed upon answer and proof by the defendant that the title to real estate is in controversy in the case, the plaintiff may prosecute an action for the same cause in the Superior Court, and the defendant shall not be permitted, in that Court, to deny the jurisdiction by an answer contradicting his answer in the justice's court." Defendants insist that plaintiffs cannot take advantage of this section, because the judgment dismissing the action by the Justice was not pleaded. Without passing upon that question, it is sufficient to say that it does not appear that the action was dismissed "upon answer and proof by the defendant that the title to real estate was in controversy," and this cannot be inferred.

Judgment dismissing the action must be

Reversed.