[Civil No. 2146.   Filed July 14, 1925.]

[237 Pac. 958.]

## PHOENIX SAFETY INVESTMENT COMPANY, a Corporation, Appellant, v. B. W. JAMES, Appellee.

1. APPEAL AND ERROR — JUDGMENT OF TRIAL COURT IS BINDING, IF THERE IS REASONABLE THEORY UPON WHICH JUDGMENT CAN BE SUSTAINED.—Appellate court is bound to uphold general judgment for defendant rendered by trial court without filing findings of fact, if there is reasonable theory of the case upon which judgment can be sustained and there is sufficient evidence in support thereof.

2. CORPORATIONS—RECOVERY COULD NOT BE HAD ON NOTE AGAINST JOINT MAKER BY ACCOMMODATION MAKER, WHEN IT WAS MERE CORPORATE FORM OF ANOTHER MAKER.—Where J., W., and P. corporation were joint makers of a note, and W. was admittedly a principal debtor, *held*, recovery on note could not be had by P. corporation acquiring it by assignment against J., though P. claimed to be an accommodation maker, when it appeared that P. was merely corporate form through which W. handled his private affairs; since corporate form will be disregarded when justice requires.

See (1) 4 **C. J.**, p. 655 (Anno.).   (2) 14 **C. J.**, p. 61.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. L. L. Pearson, for Appellant.

2. See 7 **R. C. L.** 27.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

LOCKWOOD, J.—George C. Bent filed a suit in the superior court of Maricopa county against B. W. James, hereinafter called defendant, on a promissory note in the sum of seven thousand five hundred dollars ($7,500), of which Bent was payee, and defendant, Win Wylie and Phoenix Safety Investment Company, a corporation, hereinafter called plaintiff, were joint makers. Defendant answered, alleging a conspiracy between Wylie and Bent to defraud him and a fraudulent alteration of the note. Thereafter plaintiff filed a motion to allow it to be substituted as plaintiff in this action, on the ground that it had purchased the note for a valuable consideration. No formal order was made allowing the substitution, but plaintiff filed a supplemental complaint, and thereafter an amended supplemental complaint, setting up the note and assignment by Bent, and that it, plaintiff, was merely an accommodation maker; praying judgment on the note as its legal owner, or, if it was held not to be the legal assignee with right to recover on the note, it should be held the equitable assignee, and recover the amount actually paid by it thereon.

Defendant demurred to the amended supplemental complaint on the ground that another cause of action had been set up thereby, and that the note had been discharged by its assignment to plaintiff; it being one of the joint makers. He also set up that plaintiff was merely the creature of Win Wylie, used by him as a cloak for his actions, and not an independent entity. The matter was tried to the court without a jury, on the issues raised by the amended supplemental complaint of plaintiff and the answer thereto. Evidence was introduced and the issues duly argued. The

ruling on the demurrers of defendant was reserved until the final determination on the merits, and finally, without filing findings of fact, a general judgment was rendered for defendant. The usual motion for new trial was made and continued from time to time ,and finally overruled by the court, and plaintiff ap-. peals from the order denying the motion for new trial and the judgment.

The defense presented was substantially that under paragraph 4264, R. S. A. 1913 (Civ. Code), the note was discharged by payment "by, or on behalf of, the principal debtor."

It is claimed: First, that plaintiff was really the "*alter ego*" of Win Wylie, who was admittedly a "principal debtor"; second, that, even if it was not, it was, though only an accommodation maker, a "principal debtor" in the meaning of the Negotiable Instruments Act. Upon this state of the record, if there is any reasonable theory of the case and sufficient evidence in support thereof upon which the judgment of the trial court can be sustained, we are bound to uphold it. *Brown* v. *Peterson,* 27 Ariz. 418, 233 Pac. 895; *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587.

We have examined the transcript of evidence, and think there is abundant testimony that plaintiff is merely a corporate form through which Wylie handled his private affairs when it appeared convenient to do so; that the execution of the note by plaintiff was in effect but another form of execution by Wylie, and so intended to be; and that its assignment to plaintiff was practically an assignment to Wylie. The courts will disregard corporate form when justice requires it to look to the substance and not to the shadow. *Ehlers* v. *Bankers' Fire Ins. Co.,* 108 Neb. 756, 189 N. W. 159; *First National Bank of Chicago* v. *Trebein Co.,* 59 Ohio St. 316, 52 N. E. 834.

The language of the court in *Minifie* v. *Rowley,* 187 Cal. 481, 202 Pac. 673, is apt:

"Before the acts and obligations of a corporation can be legally recognized as those of a particular person, and *vice versa,* the following combination of circumstances must be made to appear: First, that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness of the said person and corporation has ceased; second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice."

While most of the cases on this subject deal with the rights of creditors, we see no reason why the principle does not apply equally in any other case where justice requires it. Obviously, had Wylie himself paid the note or taken an assignment thereof, he could not either in law or justice recover on the note itself, whatever might be his equitable rights to a contribution from defendant. Paragraph 4264, *supra.*

If the trial court found, as it was justified from the evidence in finding, that an assignment to plaintiff was in effect one to Wylie its judgment was correct, and under the rule above stated in regard to supporting the presumed findings of the trial court the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.