[Civil No. 2591. Filed November 21, 1927.]

[261 Pac. 35.]

HATTIE L. MOSHER and HATTIE L. MOSHER as Surviving Partner of the CITY ICE DELIVERY COMPANY, a Copartnership, and CITY ICE DELIVERY COMPANY, a Corporation, Appellants, v. C. P. LEE, as Receiver of the CITY ICE DELIVERY COMPANY, a Copartnership, Appellee.

Mr. John W. Ray and Mr. J. C. Niles, for Appellants.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellee.

McALISTER, J.—This is an action by C. P. Lee, as receiver, praying for a decree canceling a bill of sale and a lease executed by Hattie L. Mosher as the surviving partner of the City Ice Delivery Company, a copartnership, to a corporation of the same name, and restraining her and the latter from using this name in connection with the business of manufacturing, buying and selling ice. The answer contained a general and several special demurrers and allegations of fact intended to avoid the matters set up in the complaint. The demurrers being overruled, the plaintiff filed a motion for judgment on the pleadings, which was granted, and the defendants appeal from this order.

It appears from the complaint that William B. Lount and Hattie L. Mosher were for a number of

years partners in the ice business in Phoenix, Arizona, under the name of the City Ice Delivery Company, and that on August 31st, 1924, the former, who owned a 11/16 interest in the partnership and had sole charge of its management, died, and the latter, who was the owner of a 5/16 interest but had theretofore no part in the actual management of it, took charge of it as surviving partner; that in February, 1925, Carrie A. Lount, wife of William B. Lount and executrix of his estate, filed an action against Hattie L. Mosher, as surviving partner, praying for the appointment of a receiver of the partnership assets, upon the ground that under her management these were being wasted and dissipated; that this action resulted in the appointment of one C. P. Lee as receiver, but that said Hattie L. Mosher appealed from the order appointing him, filed a *supersedeas* bond in the sum of $25,000 before he qualified, and continued to carry on the business of the partnership; that in November, 1925, this order was affirmed by this court (29 Ariz. 267, 240 Pac. 1027), and on January 6th, thereafter the receiver qualified by giving the required bond.

It further appears that on October 16th, 1925, more than a month prior to the determination of the receivership matter in this court, defendant Hattie L. Mosher caused to be organized a corporation, known as the City Ice Delivery Company, to carry on the business of manufacturing, buying, selling and distributing ice, and to acquire, own and operate machinery for this purpose; that two of the incorporators reside in Oregon, one of these being the son-in-law of defendant Hattie L. Mosher, and the other his attorney; that the other four, three of whom drove ice wagons for defendant Mosher, and one Clarence Johnson, acted as office boy for her, live in Phoenix, Arizona, and that none of them have paid for any stock in the corporation; that ap-

pellant is president and Clarence Johnson secretary-treasurer of the corporation; that these six, together with Hattie L. Mosher, were the incorporators, and the former joined in the articles of incorporation at her instance and request; that those residing in Arizona other than said Hattie L. Mosher are without any pecuniary responsibility whatever, and that the directors, Clarence Johnson and William M. Jordan, are dummies and tools of hers; that while the appeal in the receivership case was still pending, to wit, on October 16th, 1925, Hattie L. Mosher, as surviving partner of the City Ice Delivery Company, attempted to lease to this corporation all the partnership real estate and by bill of sale in writing to sell and convey to it all the partnership personal property, the former for a period of two years at a rental of $150 per month, and the latter for $7,000, the consideration under both instruments being wholly inadequate and unpaid; that soon after qualifying as receiver, appellee demanded of defendants a cancellation of the lease and a reconveyance to him of all property described in the bill of sale, but that they refused to comply with this request.

It is also alleged that the business was carried on for many years under the name of City Ice Delivery Company; that during this time it became widely and favorably known to the public under this name; and that at the time of the death of William B. Lount this name was a part of the goodwill of the co-partnership business and one of its most valuable assets; that it was taken over by Hattie L. Mosher as surviving partner along with the other partnership assets and continued to be used by her in carrying on the business until October 16th, 1925, when she undertook to transfer to the corporation by lease and bill of sale the real and personal property of the partnership that was necessary to carry on the ice business; that said corporation took over and used the prop-

erty so conveyed and assumed to and did carry on the business of the partnership under its corporate name; that using the name, City Ice Delivery Company, was in fact an appropriation by the corporation of the goodwill of the partnership without right or remuneration; that the articles of incorporation empower the corporation to carry on such business and only such as the partnership had formerly engaged in; and that said Hattie L. Mosher and the corporation plan, purpose, and intend in doing this to continue to use and appropriate to its own use and benefit the trade name formerly used by it, to the great loss and damage of the said partnership.

The answer, among other things, alleges that Hattie L. Mosher, as surviving partner, took possession of the assets of the partnership and proceeded to wind up its affairs by collecting its outstanding accounts and paying its debts, and, as soon as possible, to sell its personal assets and business; that she was unable to find a satisfactory purchaser immediately after the death of William B. Lount, and, it being at the time a busy season of the year in the ice business, she, as surviving partner, conducted the business on partnership credit, using the same name and place of business this partnership had used and intending to render an accounting and pay a reasonable rental therefor; that this operation continued until October, 1925, when she despaired of finding a satisfactory purchaser of the partnership assets except upon condition that she associate herself with others in the business, and this she declined to do otherwise than as a member of a corporation with limited liability; that such being the only way the surviving partner could find to dispose of the partnership property at anything like a fair value, she, in connection with others, some of whom had been employed by the partnership and were familiar with its business, organized the

corporation, City Ice Delivery Company, for the express purpose of purchasing the personal assets of the partnership and leasing for a term of years the real property that had been used by it, but which she was advised she held as tenant in common with the heirs of William B. Lount if there were no outstanding liabilities of the partnership requiring a sale of the realty, or as sole tenant if such a sale were necessary; that in order to effect a sale of the personalty, consisting of trucks, scales, and such articles as are peculiarly adapted to the manufacture, sale and distribution of ice, she agreed, either as tenant in common or as sole tenant by right of being surviving partner, to make the lease of which plaintiff complains; that the consideration therein named is a fair, reasonable rental therefor, and that there was no possibility of a sale of the personalty without a lease of the machinery with which and the real estate upon which to do business.

It is further alleged that the sale of the movable personalty for $7,000 cash was made in good faith and that this sum was a fair and full consideration for such property; that it was the right and duty of Hattie L. Mosher as surviving partner to sell said property to wind up and settle the partnership affairs.

It also appears from the answer that, failing to find a satisfactory purchaser for the business otherwise, defendant Hattie L. Mosher took shares of stock in the corporation for the purpose of purchasing the business and personalty of the partnership and that she did sell to said corporation all the movable personalty belonging thereto; that at this sale she released to the purchaser the right to the use of the name of the City Ice Delivery Company that she had used as of right as her own for more than a year following the dissolution of the partnership, and that by the purchase of the personalty and the business and the lease of the machinery and the

realty the corporation acquired and now owns the right to the corporate name of the City Ice Delivery Company and whatever of goodwill or benefits is connected therewith.

Appellant assigns as error the orders overruling the demurrers and granting the motion for judgment on the pleadings. The correctness of the first of these rulings rests upon the sufficiency of the complaint to state a cause of action, and of the second upon the sufficiency of the answer to put in issue any of the material allegations of the complaint, it having been determined that a cause of action is stated therein. This suit was instituted to procure a cancellation of the lease and bill of sale and to restrain the defendant from using the partnership name in carrying on the ice business, and whether this can be done depends upon the rights and powers of the surviving partner under the circumstances of the case. Paragraph 970, Revised Statutes of 1913, upon which appellant relies, reads as follows:

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him in right of the decedent. Upon the application of the executor or administrator, the court or judge may, whenever it appears necessary, order the surviving partner to render an account, and in case of neglect or refusal, may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained."

This section gives the surviving partner the right to continue in possession of the partnership property

and wind up its affairs. The title to all the assets of the partnership, both real and personal, is in him, and he is authorized, acting honestly and in the exercise of a reasonable discretion, to dispose of it as he sees fit, to settle the debts of the partnership, if there are any, and to convert the assets into a form more readily distributable. *Barry* v. *Briggs*, 22 Mich. 200; *Starr et al.* v. *Case et al.*, 59 Iowa 491, 13 N. W. 645; Lindley on Partnership (2d Amer. ed.), marginal page 591, note and cases; *Shanks* v. *Klein*, 104 U. S. 18, 26 L. Ed. 635.

This proposition, however, is not disputed; but the contention of appellee is that the surviving partner sustains toward the representative of the deceased a fiduciary relationship, and that under the elementary rule that a trustee cannot convey to himself the trust estate, the attempted transfers by Hattie L. Mosher, as surviving partner to the City Ice Delivery Company, a corporation, were wholly ineffective because the corporation was to all intents and purposes Hattie L. Mosher and a transfer from her to it was in effect a transfer from herself to herself. This familiar doctrine of the law of trusts is well stated in 39 Cyc. 366, and many authorities cited in the notes to the text. One of these, *St. Paul Trust Co.* v. *Strong et al.*, 85 Minn. 1, 88 N. W. 256, contains the following succinct statement:

"A trustee cannot legally purchase on his own account that which his duty or trust requires him to sell on account of another, nor can he purchase on account of another that which he sells on his own account. He is not allowed to unite the two opposite characters of buyer and seller."

There is no question but that under the authorities the surviving partner is a trustee and hence that the fiduciary relation of trustee and *cestui que trust* exists between him and the representatives of the deceased partner. *Galbraith* v. *Tracy*, 153 Ill. 54,

46 Am. St. Rep. 867, 28 L. R. A. 129, 38 N. E. 937, and *Salsbury* v. *Ellison,* 7 Colo. 167, 2 Pac. 906, 3 Pac. 485, 49 Am. Rep. 347, and, also, Id., 303, 2 Pac. 906, 3 Pac. 485. And, "as a consequence of this trusteeship," says 20 R. C. L. 1003, "surviving partners are held in their dealings with the firm assets and the representatives of the deceased to that nicety of dealing and that strictness of accountability required of and incident to the position of one occupying a confidential relation." If the pleadings, therefore, justify the conclusion that the corporation, City Ice Delivery Company, is in reality Hattie L. Mosher, appellee's contention is sound.

The allegations of the complaint regarding the organization and management of the corporation and the ownership of its stock sustain this view, and the answer contains nothing that can be construed as a denial of any of the averments relating thereto. It admits that she with others organized the corporation for the express purpose of purchasing the personal property of the partnership and leasing for a term of years the real property used by it in the ice business, and that "she took shares of stock in the corporation for the purpose of purchasing the business and personalty of such defunct partnership, and that she did sell to said corporation all the movable personalty of such defunct partnership for a full and fair price." It nowhere alleges that anyone else took stock or that she paid for what she purchased, though the other two directors were doubtless the owners of at least one share each, enough to qualify them for a place on the board, but, since the answer does not aver that they possessed more than this, we take it that they did not. It denies none of these allegations: That the corporation had no assets with which to pay for the personalty; that Hattie L. Mosher was the dominating factor in the corporation; that the incorporators were employees

of hers without means and took part in the organization at her request; or that the other members of the board of directors were mere tools and dummies of hers.

Such being the state of the pleadings, it occurs to us that appellee's contention that the lease and bill of sale were in no sense of the term legitimate transfers and that the alleged lessee and vendee was merely a corporate form through which Hattie L. Mosher could handle the assets of the partnership is well founded. If the answer had contained such an admission it would have added but litttle, if anything, to the effect of the pleadings; hence, the order canceling and setting aside both the bill of sale and the lease was proper, for "the courts will disregard corporate form when justice requires it to look to the substance and not to the shadow." *Phoenix Safety Inv. Co.* v. *James,* 28 Ariz. 514, 237 Pac. 958. And this is true notwithstanding the allegation in the answer that the property was sold at its full value, for the trustee cannot purchase trust property at his own sale, regardless of the price paid, since "the law does not stop to inquire into the fairness of the sale or the adequacy of price, but stamps its disapproval upon a transaction which creates a conflict between the self-interest and integrity of the trustee." 39 Cyc. 366. If a surviving partner wishes to become the owner of the deceased partner's interest, the only way by which he can do this is through an agreement with the representative of that interest, and even in that case "courts of equity scan such transactions closely . . . and require the trustee to take the burden of proof and overcome the presumption of fraud and undue advantage, arising from the transaction, by showing that the purchase followed a full disclosure of all information, that it was for a fair and adequate consideration, and was free from fraud." 39 Cyc. 371, and

cases cited in note 79. There is no allegation of such agreement in this case, and this fact relieved the court from the necessity of looking into the fairness of the sale at all.

Appellants take the position, however, that the right to bring an action to set aside a sale by a surviving partner for full value does not rest in the receiver, who represents all those interested in the partnership, but in the representative of the deceased partner. It is argued that, because the receiver represents the surviving partner to the extent of his interest in the partnership assets, he cannot bring an action against such partner challenging the validity of his acts as surviving partner. This view overlooks the fact that the receiver was placed in full charge of the partnership property and, subject to the control of the court, empowered to do everything necessary to protect and preserve it, including the power to bring and defend suits concerning it, and we are unable to see wherein the fact that he has in charge the interest of the surviving partner as well as that of the other precludes him from proceeding by action against such partner, if that partner has dealt with the partnership property in a manner prohibited by law. His duty to protect and preserve the entire property cannot be defeated, lessened or even affected by the fact that in its discharge he is forced to file a suit against a partner because of such acts. The right of the deceased partner's representative to bring an action against the surviving partner for some dereliction in managing the partnership assets does not exist during the receivership, provided of course the receiver has not been false to his trust but has handled the property honestly and in the way his judgment suggests will be best for those interested. As long as the property is under his care and control the duty to preserve it is in him and no one

else, and this is just as true when the surviving partner and the heirs of the deceased partner are the only ones interested in the partnership assets as it would be if there were creditors. To hold otherwise is to say in effect that the receiver's powers are suspended, that his duty to preserve and protect ceases to exist when the one against whose unlawful acts the property needs protection is a surviving partner.

What we have said renders unnecessary any consideration of the corporation's right to the trade name of the partnership, City Ice Delivery Company. The lease of the realty and the purchase of the personalty being in no sense legitimate transactions, the right to use the name which carried with it the goodwill of the partnership could not have passed to the corporation as incidents thereto.

Neither is it necessary to determine what effect the giving of the *supersedeas* bond in the appeal of the receivership case had, whether it resulted in a suspension of the order by which the receiver was appointed and reinvested the surviving partner with complete control and right of sale of the partnership property, as contended by appellants, or whether it did not go to this extent, as contended by appellee.

The judgment of the superior court canceling and setting aside the lease and bill of sale and restraining appellants from using the partnership name in the ice business is affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.