[Civil No. 2617. Filed January 9, 1928. On Rehearing Filed February 28, 1928.]

[264 Pac. 468.]

HATTIE L. MOSHER, Individually and as Surviving Partner of the CITY ICE DELIVERY COMPANY, a Copartnership, Appellant, v. A. J. BELLAS, Appellee.

Mr. J. C. Niles and Mr. John W. Ray, for Appellant.

Messrs. Cox, Moore & Janson, for Appellee.

ROSS, C. J.—This action was brought by A. J. Bellas against Hattie L. Mosher individually and as surviving partner of the City Ice Delivery Company, a copartnership, and the City Ice Delivery Company, a corporation, to collect his wages, and the wages of fourteen other employees, for work and labor from

the 1st to the 13th of January, 1926, aggregating the sum of $704.55. None of the claims amounts to as much as $200, and the fourteen claims were assigned to plaintiff for economic reasons and convenience of collection.

The complaint contains two counts, the first being for plaintiff's individual wages, and the second for the assigned wages of the fourteen other employees. Besides a general denial, defendants demurred on various grounds: (1) That the plaintiff was without legal capacity to sue; (2) that there was a defect of parties plaintiff and defendant; (3) that several causes of action were improperly united; and (4) that the facts stated were not sufficient to constitute a cause of action. The demurrers were overruled, and, upon a trial before the court, judgment was rendered in favor of plaintiff against Mosher individually and as surviving partner of the City Ice Delivery Company, a copartnership, for the whole amount sued for, the defendant corporation having been dismissed.

We think it is obvious that none of the grounds of demurrer were good. Each of the assigned claims for wages constituted a separate cause of action and should have been so set out in the complaint. They were not, however, improperly united in one count. They were of the same character and capable of the same relief. If defendants desired to have these causes separately stated, their remedy was a motion and not demurrer. *City Carpet Beating etc. Works* v. *Jones,* 102 Cal. 506, 36 Pac. 841; *Beckman* v. *Waters,* 3 Cal. App. 734, 86 Pac. 997; *Galvin* v. *O'Gorman,* 40 Mont. 391, 106 Pac. 887; *First Nat. Bank* v. *Ingle,* 37 Okl. 276, 132 Pac. 895.

The jurisdiction of the subject matter is for the first time raised in this court, and since, if the court was without jurisdiction over the subject matter, it is of the character that could not be waived, we

are compelled to consider it. It is said the jurisdictional amount of the superior court is $200, exclusive of interest and costs, and that such sum cannot be made up by joining, as was done here, two or more separate demands or causes of action, each of which is below the jurisdictional amount.

It cannot be questioned that the assignee of a chose in action is, under the law, the legal owner of it and as such entitled to sue for its collection. *Sroufe* v. *Soto Bros. & Co.*, 5 Ariz. 10, 43 Pac. 221; *Leon* v. *Citizens' Bldg. & Loan Assn.*, 14 Ariz. 294, Ann. Cas. 1914D 1151, 127 Pac. 721. And if there are several assigned causes of action and they are for amounts within its jurisdiction, it is not questioned that they may be prosecuted in the superior court in one action (paragraph 420, Civil Code 1913); the only restrictions being that they shall be capable of the same character of relief and that actions *ex contractu* shall not be joined with actions *ex delicto* (paragraph 427, Civil Code).

By section 6, article 6, of the Constitution, superior courts are given "original jurisdiction in all cases and of all proceedings" not exclusively vested in some other court. Section 9 of said article 6 provides that "the powers, duties and jurisdiction of justices of the peace, shall be provided by law," with certain limitations therein stated. Paragraph 383 of the Civil Code of 1913 reads as follows:

"They [justices of the peace] shall have jurisdiction to try and determine all civil actions for the recovery of money or specific personal property where the amount of the demand, or the value of the property in controversy, exclusive of interest and costs, is less than two hundred dollars."

The jurisdiction thus conferred is not exclusive and therefore does not deprive the superior court of jurisdiction of actions or demands for less than $200. In *Miami Copper Co.* v. *State*, 17 Ariz. 179,

Ann. Cas. 1916E 494, 149 Pac. 758, our holding was in accordance with the above view, and we can see no reason to change that holding. Until the legislature sees fit to confer exclusive jurisdiction upon justices of the peace courts of demands where the amount, exclusive of costs and interest, is less than $200, such jurisdiction is concurrently in the superior courts.

There is no question but that some one owes the plaintiff the sum sued for. Prior to August 25th, 1925, the City Ice Delivery Company was a partnership composed of defendant, Hattie L. Mosher, and one W. B. Lount. On that day Lount died, dissolving the partnership. Mosher, as the survivor, took possession of the assets and business (which was the retailing of ice to the residents of Phoenix and vicinity) and carried on until October 16th, 1925, the plaintiff and his assignors being employed and paid by her during such time. On the latter date she turned over said assets and business to a corporation she had caused to be organized, of the same name as the partnership, claiming to have sold and transferred such assets and business to such corporation, and continued to manage and control the business, hired and paid the employees, of whom the plaintiff and his assignors were a part or all. This went on until January 13th, 1926, when, upon the application of the heirs of W. B. Lount, C. P. Lee was appointed receiver of the partnership assets.

It is undisputed that defendant, Mosher, or the corporation, one or the other, paid the help until January 1st, 1926. She insists that they were working for the corporation from October 16th, 1925, to January 13th, 1926, the date the receiver was appointed, and were paid by the corporation until January 1st, and that the unpaid wages were owing by the corporation, or if not then by the partnership, and should be paid by the receiver.

The question of the validity and effect of the organization of the City Ice Delivery Company, a corporation, and the transfer of the partnership estate thereto was recently before this court, and we cannot shut our eyes to what we said about the whole transaction. We held that the transfer was illegal and void; that the corporation paid no consideration and was in fact the *alter ego* of defendant, Mosher. *Mosher* v. *Lee, Receiver*, 32 Ariz. 560, 261 Pac. 35. Since the corporation was only the nominal identity of defendant, Mosher, it must be the help was working for her. She it was that employed them, and she it should be that pays them.

The wages for which this suit was brought accrued during a time when the business was being operated by the defendant or her other self. There is no pretense that it was being carried on from January 1st to the 13th by defendant, Mosher, as surviving partner. The judgment against defendant, Mosher, as surviving partner is not justified under the facts of this case.

The cause is remanded, with directions to vacate and set aside the judgment against Hattie L. Mosher as surviving partner, and in all other respects it is hereby affirmed, with costs to the plaintiff.

LOCKWOOD and McALISTER, JJ., concur.

---

## On Rehearing.

ROSS, C. J.—On a motion for rehearing the defendant Mosher calls our attention to provisions of the statute concerning jurisdiction of justice of the peace courts, which, she contends, have the effect of amending paragraph 383 of the Civil Code of 1913, so as to give such courts exclusive original

jurisdiction to try and determine all civil cases, where the amount involved, exclusive of interest and costs, does not amount to $200.

In the Civil Code of 1913 there are two paragraphs, to wit, 383 and 1280, almost identical in language, conferring jurisdiction on justices' courts in civil cases. The legislature, in 1915 (chapter 44), amended paragraph 1280 of the Civil Code, and in the session of 1921 (chapter 98) again amended said paragraph and chapter 44 by providing that justices of the peace "shall have exclusive original jurisdiction to try and determine all civil actions when the amount involved, exclusive of interest and costs, does not amount to two hundred ($200.00) dollars." These amendments do not by direct reference change paragraph 383 of the Civil Code, but we think the contention of appellant that such paragraph was in fact amended, so as to confer exclusive original jurisdiction on such courts, is correct, and, that being so, the superior court no longer has concurrent jurisdiction of civil actions when the amount involved, exclusive of interest and costs, is not $200 or more.

This conclusion requires that we consider whether, under our Constitution and laws, a party may unite separate demands or causes of action in the same pleading, as was done here, and thereby employ the aggregate of such claims to confer jurisdiction upon the superior court. The question is not new in this jurisdiction. We have, in at least three cases, held that such may be done. *Miami Copper Co.* v. *State,* 17 Ariz. 179, Ann. Cas. 1916E 494, 149 Pac. 758; *Webster* v. *Heywood,* 21 Ariz. 550, 192 Pac. 1069; *Nichols* v. *McClure,* 23 Ariz. 27, 201 Pac. 95. In the Miami case the action was brought to recover fifteen separate demands of one hundred dollars each, and the point was made that the superior court had no

jurisdiction, but we held that these demands could be added together for the purposes of jurisdiction.

The practice of uniting several causes of action, capable of the same character of relief, each for less than the jurisdictional amount of two hundred dollars, but aggregating more, for convenience and economy, has prevailed in this jurisdiction ever since the adoption of the Constitution. *Southern Pacific Co.* v. *Nelson,* 20 Ariz. 344, 180 Pac. 987; *Atchison, T. & S. F. Ry. Co.* v. *Carrow,* 18 Ariz. 83, 156 Pac. 961; *Atchison, T. & S. F. Ry. Co.* v. *Carrow,* 18 Ariz. 92, 156 Pac. 965. This rule, while probably contrary to the prevailing rule, has become by our decisions the settled law of this jurisdiction. We cannot but think that it is in the interests of economy, and, therefore more desirable than to compel suits upon each separate claim or account, and thereby pile up costs upon the party against whom relief is sought. The present case is an example of the hardships and expense that would have been cast upon the defendant if fifteen separate suits had been brought, instead of one. The demand in this case was for judgment for $704.55— an amount clearly within the jurisdiction of the superior court. Under the decisions of this court, therefore, the suit was properly brought in the superior court.

We think the effect of our decisions is that several causes of action, each for less than two hundred dollars, but when aggregated, amounting to more than two hundred dollars, may be joined and prosecuted in the superior court, whenever the causes of action are subject to the same character of relief, except that actions *ex contractu* may not be joined with actions *ex delicto.* *Martin* v. *Goode,* 111 N. C. 288, 32 Am. St. Rep. 799, 16 S. E. 232; *Calloway* v. *Oro Mining Co.,* 5 Cal. App. 191, 89 Pac. 1070; 7 R. C. L. 1055, § 91.

The appellant, in her motion for rehearing, reargues a number of other questions that were pre-

sented upon the original hearing and passed upon in the foregoing opinion. Nothing new is presented. We are satisfied with our former consideration and disposition of such questions.

Except as herein modified, the foregoing opinion will stand, and the judgment directed therein will remain undisturbed.

LOCKWOOD and McALISTER, JJ., concur.