[Civil No. 3071. Filed March 15, 1932.]

[8 Pac. (2d) 1077.]

H. L. MOSHER, Appellant, v. SALT RIVER VALLEY WATER USERS' ASSOCIATION, a Corporation, Appellee.

Mr. John W. Ray, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellee.

LOCKWOOD, J.—This is a suit by the Salt River Valley Water Users' Association, a corporation, hereinafter called plaintiff, against H. L. Mosher, hereinafter called defendant, for electric power alleged to have been furnished to defendant by plaintiff. Judgment was for the latter, and defendant has appealed.

There are some six assignments of error which raise but one question necessary for our consideration. It is not seriously disputed that plaintiff did furnish the power in question to someone, nor is it disputed that defendant at the time the power was furnished was in some capacity or other in active charge of the business in which the power was used. It is her contention, however, that whatever connection she had with such business during the time in question was merely as agent in some capacity for City Ice Delivery Company, a corporation, and that the corporation, and not she, is liable for the value of the power so furnished. She urges most strenuously that the organizers and stockholders of an Arizona corporation, where the private property of the stockholders is by charter made exempt from liability for the corporate debts, cannot be required individually to pay such debts.

The proposition of law stated in the abstract of course cannot be questioned, nor does plaintiff dispute it. It is the position of the latter, however, that the facts in the case at bar show that the law enunciated by defendant is inapplicable. The evidence may

fairly be said to sustain the following presumed findings of fact by the trial court:

S. D. Lount & Son was the name of a copartnership which for many years was engaged in the manufacture and delivery of ice in the city of Phoenix. The partnership for some time before the beginning of this action had consisted of W. B. Lount and his sister, H. L. Mosher, defendant herein. This partnership received electric power at its ice plant from the United States Reclamation Service under a certain contract, and after the contract expired the partnership and plaintiff, which latter had succeeded to the rights of the Reclamation Service, continued respectively to receive and deliver power according to its terms. W. B. Lount, the managing partner of the copartnership, died in 1924, and defendant, in accordance with the statute, assumed the management of the plant as surviving partner. She immediately became involved in litigation with various persons, and some time in September or October of 1924 attempted to transfer all the property of the copartnership to a corporation named City Ice Delivery Company, which she organized at that time. The effect of such attempted incorporation and transfer was before this court in an action between defendant herein and the corporation mentioned, on the one side, and C. P. Lee, as receiver of the copartnership, on the other. We held in the case of *Mosher* v. *Lee,* 32 Ariz. 560, 261 Pac. 35, that it appeared from the allegations of the complaint and the admissions of the answer of defendant Mosher therein that the City Ice Delivery Company, a corporation, was merely a corporate form through which defendant Mosher was attempting to handle the assets of the partnership, and was in substance her *alter ego.* In the later case of *Mosher* v. *Bellas,* 33 Ariz. 147, 264 Pac. 468, suit was brought against defendant for wages for labor performed in or about the ice plant during the same

period when the power referred to herein was delivered to the plant, and the defense was also made therein that the liability was that of the corporation. In such case we stated as follows:

"The question of the validity and effect of the organization of the City Ice Delivery Company, a corporation, and the transfer of the partnership estate thereto was recently before this court, and we cannot shut our eyes to what we said about the whole transaction. We held that the transfer was illegal and void; that the corporation paid no consideration and was in fact the *alter ego* of defendant, Mosher. *Mosher* v. *Lee, Receiver,* 32 Ariz. 560, 261 Pac. 35. Since the corporation was only the nominal identity of defendant, Mosher, it must be the help was working for her. She it was that employed them, and she it should be that pays them."

We think the facts thus above stated and the rule of law laid down by us in *Mosher* v. *Bellas, supra,* show conclusively that the judgment rendered by the trial court on the evidence was the only one which could have been rendered. It is therefore affirmed.

McALISTER, C. J., and ROSS, J., concur.