[Civil No. 3297. Filed October 10, 1933.]

[25 Pac. (2d) 552.]

GONZALEZ & COMPANY, BROKERS, INC., a Corporation, and F. J. B. GONZALEZ, Appellants, v. LLOYD THOMAS, as Superintendent of Banks of the State of Arizona and *Ex-officio* Receiver of SONORA BANK AND TRUST COMPANY, an Insolvent Banking Corporation, Appellee.

Mr. G. A. Little, for Appellants.

Mr. James V. Robins, for Appellee.

ROSS, C. J.—When S. W. Ellery, superintendent of banks, the predecessor of the plaintiff Lloyd Thomas, took over the Sonora Bank and Trust Company, an insolvent, he found among its assets a note for $3,000, dated September 10, 1931, payable to the bank four months after date, and signed by ''Gonzalez & Co. Brokers, Inc. F. J. B. Gonzalez, Mgr. (and) F. J. B. Gonzalez'' as makers. Thereafter, on May 25, 1932, the superintendent of banks brought this action on the note alleging the balance due thereon, after crediting all payments, was $1,500 principal and $25.69 interest.

The defendants admit the execution and validity of the note, but state that they owe a balance of $294.08 and no more, which they allege they offered to pay plaintiff before suit was filed. Defendant Gonzalez & Company, Brokers, Inc., to which we shall hereafter refer as the corporation, also sets up in its answer a counterclaim to the note. It alleges that the Sonora Bank and Trust Company, in which it was a depositor, on May 22, 1930, charged to its account the sum of $1,029.33, being the principal and interest of an overdue note executed to the bank by P. D. C. Gonzalez as principal and F. J. B. Gonzalez as surety, without its consent, and that it should now be credited with that amount on its note.

Plaintiff, in reply to the counterclaim, admits charging said note of P. D. C. Gonzalez and F. J. B. Gonzalez to the account of the corporation, but alleges that such corporation and F. J. B. Gonzalez are one and the same in business interest and identity; that all of the stock of such corporation is owned by Gonzalez except one share belonging to each of the other directors; that he was the president, general

manager and executive head of the corporation, and at all times controlled the board of directors; that the business and assets thereof were his personal and private property; and that the corporation was a mere functionary for his purposes. It is alleged that the note sued on was made, executed and delivered to the bank for $3,000 after said bank had charged the P. D. C. Gonzalez and F. J. B. Gonzalez note to the corporation's bank account, and that the said corporation thereby consented and assented to said charge.

The case was heard before the court without a jury, and at its conclusion judgment was entered for plaintiff, from which this appeal is prosecuted.

While the defendants have made sixteen assignments and submitted an equal number of propositions of law, we think, with them, that "the only question is as to whether the bank was justified in making such charge ($1,029.33) to the corporation's account." In other words, did the bank under the circumstances have a right to apply what it owed the corporation on a debt owing it by the two Gonzalez? It is settled law that a bank may charge against a depositor's account an overdue indebtedness of his to the bank, and that the consent of the debtor is not necessary to make it legal. *Hammons* v. *Grant,* 26 Ariz. 344, 225 Pac. 485.

Plaintiff insists, as we understand him, (1) that the corporation and F. J. B. Gonzalez are in effect one and the same, the corporation being a mere vehicle through which Gonzalez transacted his private and personal business, and that the deposit was properly debited with the Gonzalez note; and (2) that, if that is not so, the credit was made with the consent of the corporation through its president, general manager and executive officer, and cannot therefore be used as a counterclaim against the note sued on.

Defendants contend that the evidence does not show (1) that the deposit in bank belonged to F. J. B.

Gonzalez, or that its nominal depositor, the corporation, was a mere functionary of his; and (2) that the corporation consented to the charge of the Gonzalez note against its account.

The court's findings upon these controverted questions were as follows:

"That said bank and said F. J. B. Gonzalez considered the deposit account of said Gonzalez & Company, Brokers, Inc., as being the individual account of said F. J. B. Gonzalez. That said F. J. B. Gonzalez was the owner and holder of all the subscribed, issued and outstanding capital stock of said Gonzalez and Company, Brokers, Inc., excepting only a sufficient number of shares necessary to qualify other persons to act as directors, not exceeding one share to each of said persons, and that at said time said Gonzalez and Company, Brokers, Inc. was a mere instrumentality or business conduit of the defendant F. J. B. Gonzalez through which his personal and private business was carried on and conducted.

"That upon it being advised that said bank had charged to its deposit account with said bank the sum of $1029.33 as aforesaid, said defendant Gonzalez and Company, Brokers, Inc. credited said sum to said Sonora Bank and Trust Company upon its books and charged said amount to said P. D. C. Gonzalez, one of the principal makers of said note, and ultimately charged said sum to profit and loss."

But defendants say these findings are contrary to the evidence. It appears that F. J. B. Gonzalez owns all the stock in the corporation but two shares owned or held by the other two directors, one of whom is his wife; that he is the president, general manager and executive head of the corporation, with power to make contracts and agreements for it; that he had no personal account with the bank, but that his personal checks were paid out of the corporation's account and never charged to him individually. It also appears that the bank wrote F. J. B. Gonzalez on the day the

$1,029.33 was charged to the corporation's account, informing him of what it had done, and stating:

"But we continue making efforts through our lawyer in Douglas in order that said amount be collected from Don Pablo, and if it is paid, we will be glad to remit the amount, or any part thereof that may be paid, to your account."

The defendants, four months thereafter, made, executed and delivered to the bank their note for $3,000 (the one sued on), and made no mention or claim of a credit for the $1,029.33 deducted from the corporation's deposit. The question of the right of the bank to charge the corporation's account with the Gonzalez note was not raised by the corporation or defendant F. J. B. Gonzalez until just before suit was filed. It seems to us, whatever may be said of the evidence to the contrary, there was very substantial evidence to support the court's findings, and, that being so, we are bound by them.

We have on several occasions held that a corporate entity may be disregarded when necessary to do justice. *Phoenix Safety Investment Co.* v. *James,* 28 Ariz. 514, 237 Pac. 958; *Mosher* v. *Lee,* 32 Ariz. 560, 261 Pac. 35; *Mosher* v. *Salt River Valley Water Users' Assn.,* 39 Ariz. 567, 8 Pac. (2d) 1077. In the James case we said:

"The courts will disregard corporate form when justice requires it to look to the substance and not to the shadow."

It is said by defendants that to allow the corporation the counterclaim as a credit under the circumstances would work no injustice. Of that we cannot say. The position of the parties at this time may be greatly altered. If the method adopted by the bank to collect the Gonzalez note had not been accepted and assented to by F. J. B. Gonzalez and his *alter ego,* the bank might then have had other means of collecting the note not available at a later date.

But, should we conclude that the corporation and F. J. B. Gonzalez were in fact distinct and separate entities, still under the findings it appears that, after the corporation was informed that the bank had charged its deposit account with the Gonzalez note, it approved thereof by crediting the bank on its books with that sum and charging it to P. D. C. Gonzalez, the principal maker of the note. Thus the corporation itself, after learning what the bank had done, ratified it. Although originally not responsible, having paid off the note, the corporation cannot directly or by counterclaim recover the money from the bank or its receiver, the payment having been made or ratified voluntarily, with full knowledge of all the facts, and without any fraud, duress, or extortion. 48 C. J. 734, § 280; *Merrill* v. *Gordon,* 15 Ariz. 521, 140 Pac. 496.

It seems that the original of the Gonzalez note was made to the bank on April 26, 1929; that on May 4th following the bank wrote defendant F. J. B. Gonzalez promising him ''that from the first payments made to us by Mr. Gonzalez (P. D. C.) from this date on, same will be applied in payment of this note in preference to the other accounts he has with this bank.''

At the time it is undisputed that P. D. C. Gonzalez owed the bank several notes, all secured by mortgages and pledges. It is also undisputed that the bank realized, from time to time before it charged the corporation's deposit account with the Gonzalez note, sums of money out of the mortgaged and pledged property. The defendants now make the claim that such sums, under the above agreement, should have been applied on the Gonzalez note, and were as a matter of law automatically applied thereon. The bank's promise was made after the note was given to the bank by the Gonzalez, and, so far as the record shows, was without any consideration whatever. The

agreement apparently was a mere *nudum pactum.* The court's finding concerning this agreement is:

"That it was never agreed, understood or intended that said bank would apply in payment or part payment of said note mentioned in said letter, or its renewals, any of the mortgaged or pledged property . . . or any sum or sums realized or received by said bank upon the sale or disposition of such mortgaged or pledged property. . . . "

Whether the letter promised to surrender securities held by the bank for other indebtedness of P. D. C. Gonzalez to be applied in satisfaction of the Gonzalez note we think was more or less ambiguous. The court heard the evidence thereon and found as above, and we do not feel like disturbing it.

We have not considered defendants' different attacks on the record in the forms nor in the ways made, but we have not overlooked any of them.

We think the judgment should be affirmed.

LOCKWOOD and McALISTER, JJ., concur.