416 P.2d 183

**AIR TECHNICAL DEVELOPMENT COM-
PANY, Inc., a corporation, Appellant,**

v.

**The ARIZONA BANK, a corporation,
Appellee.**

**No. 7950.**

Supreme Court of Arizona.

In Division.

June 29, 1966.

James E. Grant, Louis B. Schaeffer, Phoenix, for appellant.

Ryley, Carlock & Ralston, John C. Ellinwood, Phoenix, for appellee.

McFARLAND, Justice.

Appellant, Air Technical Development Company, Inc., an Arizona corporation, defendant in the court below, hereinafter designated Air Tech, appeals from judgment in favor of appellee, the Arizona Bank, an Arizona corporation, plaintiff in the court below. Judgment in the sum of $1,389.00 was found due on a promissory note, together with interest thereon at the rate of eight percent from June 1, 1961, until paid, attorneys' fees of $200.00, and costs.

Benson Ackerman, dba Phoenix Mower Manufacturing Company, during February of 1957, as a sole proprietor, made application to "The Bank of Douglas," the name of which was thereafter changed to The Arizona Bank, appellee herein, hereinafter designated the Bank, to obtain credit under the terms of Title I of the National Housing Act, for a property-improvement loan. The property to be improved was located at 1838 West Culver, Phoenix, Arizona, the address of Phoenix Mower Manufacturing Company. The application stated this property did not belong to Benson Ackerman,

but that said property was leased by him from John D. Gibson, Arlington, California, and the term of lease expired on July 1, 1960.

The Bank granted the loan on February 19, 1957, and deposited to the account of Phoenix Mower Manufacturing Company the sum of $3,800.00. The loan was to be paid off by March 1, 1960, in monthly installments of $120.31. On June 9, 1959, Air Tech, by Benson Ackerman, President, made application to the Bank for another property-improvement loan for the purpose of refinancing the loan to Benson Ackerman, dba Phoenix Mower Manufacturing Company. On the application the address of Air Tech was listed as 1838 West Culver, Phoenix. But the latter application differed from the former in that Air Tech rather than Benson Ackerman was listed as the lessee of the premises from John D. Gibson, and the date of expiration of the lease was July 1, 1963, rather than July 1, 1960.

The Bank granted the loan on June 15, 1959, for the gross amount of $2,222.40, payable in monthly installments of $92.60, with maturity date June 1, 1961. $2,018.52 of the gross amount was applied to pay off the Phoenix Mower Manufacturing Company note. The monthly payments were made by Air Tech until March 17, 1961, leaving an unpaid balance of $1,389.00, the principal sum sued for in this action.

The pre-trial order of the lower court found the issue of fact to be determined as follows: "whether or not the defendant corporation is liable on the note or whether the president of the corporation, Benson Ackerman, is personally liable."

Air Tech contends "the trial court erred in finding that the defendant corporation was indebted to the plaintiff in any sum whatsoever", also that the evidence shows Benson Ackerman, President of Air Tech, had no authority to bind the corporation by execution of the promissory note.

The pre-trial order of the lower court sets forth a stipulation of counsel for both parties to the effect that Benson Acker-man was the President of Air Tech at the date of execution of the note in issue—June 15, 1959. The uncontradicted testimony of Benson Ackerman is to the effect that, on June 15, 1959, the directors of Air Tech were Benson Ackerman and his wife, and at that time a minimum of ninety percent of the outstanding stock of Air Tech was owned by Benson Ackerman and his wife.

Ackerman also testified he could not recall whether a corporation resolution was prepared authorizing his signature of the June 15, 1959, note. Donald Lyon, Assistant Manager, in charge of the installment-loan department of the Tempe branch of the Bank—the branch which issued the loan—testified on examination by counsel for the Bank, that there was no corporate resolution of Air Tech in the Bank's file authorizing Benson Ackerman to sign on behalf of the corporation, nor did the corporate seal of Air Tech appear on the application for the loan. Benson Ackerman testified that Air Tech did in fact have a corporate seal.

The issue thus presented is whether the President of a corporation, who, along with his wife, owns all or nearly all of the outstanding stock of the corporation, and who comprises, along with his wife, the sole directors of the corporation, binds the corporation for payment of a note, executed by him as president, where the corporate seal does not appear upon the application for the note, nor does a resolution of the corporation appear to have been made a part of the application.

■ No corporate seal is required to establish the validity of any instrument in writing. A.R.S. § 1–202, as amended, Laws 1957; cf. First National Bank of Clifton v. Clifton Armory Co., 14 Ariz. 360, 128 P. 810. Neither the articles of incorporation, corporate charter, nor any by-laws of Air Tech were made a part of the record; thus we need not consider the absence of a corporate seal determinative of this matter. Nor does disposition of appeal depend upon the failure to include a corporate resolution authorizing the loan. In

Russell v. Golden Rule Min. Co., 63 Ariz. 11, 159 P.2d 776, we stated:

"* * * Furthermore, while the old rule was otherwise, it is now held that 'the trend of authority is to uphold as binding on the corporation acts or contracts on its behalf by a person or persons owning all or practically all the stock, even though there is a lack of, or defect in, some corporate step, or action.' * * *" 63 Ariz. at 32, 159 P.2d at 785.

In Mid-Continent Construction Company v. Goldberg, 40 Ill.App.2d 251, 188 N.E.2d 511, the court, after quoting the same statement quoted in Russell, supra, stated:

"* * * However, this rule must be considered along with another rule, cited in § 1004, [19 C.J.S. Corporations] * *:

'[T]he trend of authority is to uphold as binding on the corporation acts or contracts on its behalf by a person or persons owning all or practically all the stock, even though there is a lack of, or defect in, some corporation step or action. * * *" 188 N.E.2d at 515.

In Arizona Southwest Bank v. Odam, 38 Ariz. 394, 300 P. 195, the court stated:

"* * * As a general rule an officer or agent of a corporation cannot indorse a negotiable instrument in the name of the corporation unless he is authorized thereto by the corporate charter, or a resolution of the board of directors. Emmet v. Northern Bank of N. Y., 173 App.Div. 840, 160 N.Y.S. 183.

"It is not necessary, however, that this authority be conferred in a formal manner, and it may arise by implication, through the officer being held out by custom or a course of dealing, or otherwise as having authority. German-American Indem. Co. v. State Merc. Bank, 26 Colo.App. 242, 142 P. 189; Huntington v. Attrill, 118 N.Y. 365, 23 N.E. 544.

"It appears from the record in this case that at all times from the organization of the institute up to the date of its last meeting, Coles Langdon was in absolute control of it and its policies. He originally owned 32 out of 36 shares of the outstanding voting stock of the institute; when that stock was cancelled, there was issued to him 4,660 shares out of 5,000 of the voting stock then authorized. At a later time he sold back to the institute 2,000 shares, but, so far as the record shows, at all times was the owner of an absolute majority of the outstanding voting stock. He was appointed as commandant of the institute, given a salary of $4,800 per year, effective from the organization of the corporation, and, generally speaking, the board of trustees apparently was, up to the meeting of August 28th, merely a rubber stamp in his hands.

"Under the circumstances shown by the record, we are of the opinion that he was held out by the trustees as authorized to act for the institute in all its financial affairs, and that it is estopped as against appellant herein from asserting that Langdon and Douglas did not have authority to negotiate and indorse the note in question. If the institute cannot question the indorsement, neither can appellee. * * *" 38 Ariz. at 398, 300 P. at 197.

In the instant case, Benson Ackerman and his wife owned at least ninety percent of the outstanding stock of Air Tech at the time of execution of the note in question, and were the only directors. Benson Ackerman, as president, was held out by the corporation as authorized to act for it, and a resolution by the board of directors would most certainly have been no more than a "rubber stamp" of his wishes. Arizona Southwest Bank v. Odam, supra.

■ Air Tech contends the Bank did not act in a reasonable and prudent manner in determining whether Benson Ackerman was, in fact, an agent of the corporation, and the extent of his authority. The record does not reveal what, if anything, the Bank's loan officer knew concerning the existence of the corporate structure of Air Tech; however, there is nothing in the record to

show the Bank did not act reasonably and prudently in making the loan. The record shows that Benson Ackerman was held out by Air Tech to have full authority to execute the loan.

■ Air Tech contends further that the Bank had notice of facts indicating adverse interests of the corporation and its agent, Benson Ackerman, and was thus put on notice to inquire as to the agent's authority to bind the corporation. We find this argument without merit. There is no evidence Ackerman was acting adverse to the interest of the corporation. Even if a corporate resolution was never executed authorizing the transaction, since Ackerman and his wife owned all or almost all of the outstanding stock, and constituted the board of directors, his act was binding upon the corporation. Russell v. Golden Rule Min. Co., supra.

■ Air Tech contends there was not a sufficient ratification of Ackerman's acts because the principal did not have full knowledge of the facts. We cannot agree with this contention. Under the facts of this case, knowledge of Ackerman was knowledge of the principal, Air Tech. In Gonzalez & Co., Brokers, Inc., v. Thomas, 42 Ariz. 308, 25 P.2d 552, the court stated:

"* * * Although originally not responsible, having paid off the note, the corporation cannot directly or by counterclaim recover the money from the bank or its receiver, the payment having been made or ratified voluntarily, with full knowledge of all the facts, and without any fraud, duress, or extortion. 48 C.J. 734, § 280; Merrill v. Gordon, 15 Ariz. 521, 140 P. 496." 42 Ariz. at 313, 25 P.2d at 554.

■ Air Tech's final proposition is that "(w)here debts are incurred by the president of a corporation prior to incorporation on his personal account, and afterwards he gives corporation's note therefor, no recovery can be had against corporation on such note, no consideration moving to corporation for such note."

Air Tech contends that it received no benefit as the result of execution of the note. This argument is without merit. Benson Ackerman testified that the corporation was first started at the 1838 West Culver address sometime in 1957. He testified that at the time he transferred to Air Tech small tools, and other "things," along with cash, for stock in Air Tech. He further testified that as Phoenix Mower Manufacturing Company became more depleted, Air Tech began paying the monthly rental payments to the lessor, prior to June of 1959 when the second note was executed, and Air Tech superseded Phoenix Mower Manufacturing Company. Air Tech received the benefits of the improvements which were constructed with the proceeds of the first note, and utilized and benefited from the expanded premises. Air Tech was using the building prior to the signing of the second note in June, 1959.

Under these circumstances, and under the record presented in the instant case, we cannot say no benefit passed to Air Tech as a result of the execution of the note.

The fact that nearly all of the stock was owned by Benson Ackerman and his wife, coupled with other facts of the case, compels the conclusion that the note is binding upon Air Tech. Russell v. Golden Rule Min. Co., supra.

For the foregoing reasons we find the judgment of the lower court should be affirmed.

Judgment affirmed.

BERNSTEIN, V. C. J., and UDALL, J., concur.