[Civ. No. 314.   Second Appellate District.—March 15, 1907.]

CHARLES CALLOWAY, Respondent, v. ORO MINING
    CO. et al., Defendants; FLORENCE A. STOUGH, Ap-
    pellant.

ACTION FOR SERVICES—PLEADING—PROMISE OF HUSBAND AND WIFE—
    AMENDMENT—PROMISE OF WIFE—CAUSE OF ACTION NOT CHANGED—
    STATUTE OF LIMITATIONS.—In an action for services, where the or-
    iginal complaint alleged a promise by husband and wife to pay
    for services rendered on mining property owned by the wife, an
    amendment made more than two years after the promise, omitting
    the husband as a party and alleging only a promise by the wife,

does not show a change of the cause of action against her nor disclose a bar of the statute of limitations, which runs only to the filing of the original complaint, to which the amendment relates.

ID.—ORIGINAL SERVICES TO INSOLVENT CORPORATION—NEW EMPLOYMENT BY WIFE—ORIGINAL PROMISE—ASSIGNMENT OF CLAIMS—FINDING—INSUFFICIENT PROOF.—Where the services of workmen on the mine were originally rendered to a corporation which became insolvent, and which was in possession under an executory contract with the owner, who, to prevent threatened proceedings against the corporation and its stockholders made an original promise that if they would continue to work the mine, she would pay them when she regained possession, their continuance in work became a new employment by her; and an alleged assignment of the claims of the workmen against her to the plaintiff, and a finding thereof is not supported by proof of an assignment of claims by them against the corporation, in the absence of proof of any assignment, oral or otherwise, of their claims against the owner.

ID.—JURISDICTION OF SUIT—SERVICES OF PLAINTIFF—AMOUNT CLAIMED. The jurisdiction of the suit, notwithstanding the absence of proof of the alleged assignment, is not determined by the amount of the services of the plaintiff but by the whole amount claimed in the complaint.

APPEAL from an order of the Superior Court of San Diego County denying a new trial.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

C. H. Rippey, and A. Haines, for Appellant.

F. P. Willard, for Respondent.

ALLEN, P. J.—Action for personal services of plaintiff and assignors. Judgment for plaintiff; new trial denied. Appeal by Florence A. Stough, one of the defendants, from the order denying a new trial.

It appears from the record that Mrs. Stough, the appellant, on July 16, 1902, was the owner of mining property in San Diego county which was subject to an executory contract of sale, under which the Oro Mining Company, a corporation, was in possession. Plaintiff and three others were engaged in work on the mine for the corporation, and becoming dissatisfied by reason of default in the payment of their wages, determined to quit work and to institute proceedings to collect their unpaid wages. Mrs. Stough, being

informed of this threatened action upon the part of the employees, authorized one Mullins, a stockholder in the corporation, to agree with the workmen that if they would continue at work and keep the mine free from water, she would pay them their wages when she obtained possession of the mine. This promise and proposition Mullins communicated to the men and they continued at work on the mine until November 7, 1902, at which date the appellant obtained possession of the mine. She, however, refused payment and the workmen all made out an account, which upon its face was a statement of wages due from the Oro Mining Company, a corporation, claimed to have been earned between April and December, 1902, being the aggregate of the wages due from the corporation before the agreement of appellant and that earned by them after such agreement. These statements of account all of the workmen, except plaintiff, assigned to plaintiff, who thereupon brought this action against the corporation, Mrs. Stough, her husband, and certain stockholders in the corporation.

In the original complaint it was averred that the promise to pay for the labor after July was made by Mr. and Mrs. Stough. More than two years after the maturity of the claim, the complaint was amended by an allegation that the contract was with Mrs. Stough alone. Appellant makes the point that this amendment changed the cause of action, and that more than two years having intervened between the maturity of the claim and the filing of the amended complaint, the statute of limitations barred recovery. The action, however, was upon the obligation which was sought to be enforced, and which, under the original complaint, was a joint and several obligation. There was no change in the cause of action by the filing of the amended complaint, the effect of which was to dismiss the action as against one of the defendants. The time to which the statute of limitations runs is the filing of the original complaint. (*Frost* v. *Witter*, 132 Cal. 425, [84 Am. St. Rep. 53, 64 Pac. 705].)

The evidence is ample to support every finding of the court, except that relating to the assignment to plaintiff by the other workmen of their claims. The allegations of the complaint, which are supported by the evidence, show that the contract between the workmen and Mrs. Stough, made by her agent Mullins, was an independent, original promise upon her part,

5 Cal. App.—13

disconnected from any obligation or prior employment of the corporation. From the time it was made until November 7th the men engaged in work were in the employ of Mrs. Stough. Whatever claim they had was one against her individually, and, under the allegations of the amended complaint, against her alone. The complaint averred an assignment in writing by the other workmen to plaintiff of their claims against Mrs. Stough. The court so finds; but there is no evidence in the record to support such finding. On the contrary, the only assignment offered in evidence was the assignment of a claim against the corporation and for services rendered such corporation during the time the men were in the employ of appellant. The assignment was a fact at issue and the proof thereof as essential as that of the indebtedness. (*Brown* v. *Curtis,* 128 Cal. 196, [60 Pac. 773].)

The finding that the claim against Mrs. Stough was assigned in writing to the plaintiff before the commencement of the action has no support in the evidence; nor is there any evidence of an oral assignment. The fact that the parties who were claimed to be plaintiff's assignors were witnesses upon the trial and testified to the genuineness of their signatures upon the assignment claimed against the corporation does not tend to prove any assignment of their claim against appellant.

It is claimed by appellant further that the evidence not warranting a judgment upon the assigned claims, the court was without jurisdiction to render judgment upon the original claim of plaintiff in that the same was in amount less than $300. This cannot be maintained. The amount of the claim in the complaint is determinative of the question of jurisdiction, and that exceeded the $300. While it is within the power of this court to modify the judgment by affirming the same to the extent of the original claim, we are impressed from an examination of the record with the fact that there is a strong probability that evidence of an assignment may be supplied upon another trial, and that it is in the furtherance of justice that another trial of the action be had.

It is therefore ordered that the order denying a new trial is reversed, and the cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.