[Civ. No. 2023.   Fourth Appellate District.—September 23, 1937.]

EVERARD C. FROST et al., Respondents, v. PETE MIGHETTO et al., Appellants.

A. T. Procopio for Appellants.

Von Seggern & Hawkes for Respondents.

MARKS, J.—This is an appeal from a judgment in which each respondent was awarded separate damages against appellants. The principal question raised on appeal is the jurisdiction of the Superior Court of San Diego County over the several causes of action stated in the complaint. The damages were all suffered in a single collision between motor vehicles.

The complaint is made unnecessarily prolix by separating each plaintiff's demand into several unnecessary causes of

action. Everard C. and Bertha L. Frost were husband and wife, as were Guy O. and Lillian Castle.

Everard C. Frost sought recovery of the following separate items of damage: $175 for injury to his automobile, $140 for loss of use of his automobile, $500 for loss of services of his wife, and $25 for nursing and medicines for his wife or a total sum of $840.

Bertha L. Frost sought recovery of $1,000 for personal injuries suffered by her.

Guy O. Castle sought recovery of the following items of damage: $300 for his personal injuries, $250 for loss of services of his wife, and $15 for nursing and medicine for his wife, or a total sum of $565.

Lillian Castle sought recovery of $500 for personal injuries.

The trial court found that Everard C. Frost had been injured in the sum of $136.34 through damage to his automobile. He was given judgment in that amount.

It was also found that Bertha L. Frost had suffered damages for personal injuries in the sum of $500 and special damages for medical aid and attention in the sum of $35. She was given judgment in the sum of $535.

It was further found that Guy O. Castle had suffered damages for personal injuries and for loss of services of his wife in the sum of $200 and special damages for medical attention in the sum of $35. He was given judgment for $235.

Lastly, it was found that Lillian Castle had suffered damages of $650 for personal injuries and $115 for medical aid. She was given judgment in the sum of $765.

There was a class "A" justice's court in San Diego at the time this action was tried which had original jurisdiction over the cases at law where the demand amounted to $1,000 or less. As the damage which each plaintiff sought to recover was $1,000 or less, it is immediately apparent that unless some special circumstance exists here, original jurisdiction of the case rested in the justice's and not in the superior court. (See *Colla* v. *U–Drive Autos, Inc.*, 111 Cal. App. (Supp.) 784 [294 Pac. 378]; *Heavilin* v. *Westchester Fire Ins. Co.*, 12 Cal. App. (2d) 695 [56 Pac. (2d) 252].)

To escape the effect of this rule respondents urge that, as Mr. and Mrs. Frost are husband and wife as are Mr. and

Mrs. Castle, any recovery by the respective spouses would be community property belonging to both; that each spouse had such interest in the recovery of the other that we should measure original jurisdiction by the combined demands of each group. If this rule is applicable here the superior court would have original jurisdiction of the action as the Frosts sought recovery of $1840 and the Castles of $1,065.

The exception to the general rule upon which respondents rely is thus stated in 15 Corpus Juris, page 771:

"Where several parties sue jointly for the recovery of money or property, claiming under one common right, and the adverse party is wholly unaffected by the manner in which it may be apportioned in case of recovery, it is the aggregate sum of their several claims which determines the amount in controversy."

It is well established in California that damages recovered for personal injuries of either spouse suffered during the existence of the marriage relation are community property. In *In re Strand,* 123 Cal. App. 170 [11 Pac. (2d) 89], it is said:

"The right of action to recover for personal injuries sustained by either husband or wife is community property and their interests in such right of action are 'present, existing and equal interests.' (Civ. Code, sec. 161a.) However, under the law of this state the injured party may bring the action without joining the other. (Code Civ. Proc., sec. 370.)"

The rule for determining jurisdiction where several claims have been vested in a single plaintiff by assignment is thus clearly stated in *Hammell* v. *Superior Court,* 217 Cal. 5 [17 Pac. (2d) 101, 102]:

"While the decisions of other states are not in complete accord upon this proposition (15 Cor. Jur. 768–771, secs. 64, 65; 7 R. C. L. 1055, sec. 91), it has long since been settled in this state that where separate causes of action, properly joinable, are united in a single plaintiff and set forth in a single complaint, the Superior Court has jurisdiction, to the exclusion of inferior courts, if the aggregate of the several claims equals or exceeds the jurisdictional minimum of the Superior Court, although no one of the claims equals such jurisdictional minimum. (*Bailey* v. *Sloan,* 65 Cal. 387 [4 Pac. 349]; *Ventura County* v. *Clay,* 114 Cal. 242 [46 Pac. 9]; *Galloway* v. *Jones,* 72 Cal. xxi [13 Pac. 712].)

"When, as here, the jurisdiction of a court depends upon the amount in controversy, the complaint, as a whole, is to be examined to determine whether or not jurisdiction exists. (*Consolidated Adj. Co.* v. *Superior Court,* 189 Cal. 92, 94, 95 [207 Pac. 552]; *Calloway* v. *Oro Min. Co.,* 5 Cal. App. 191, 194 [89 Pac. 1070].) If under the allegations of the complaint the plaintiff is entitled to an amount equal to or in excess of the Superior Court's jurisdictional minimum, that court has jurisdiction of the cause even though the demand be made up of several component parts. This rule, of necessity, applies only to those cases where the total demand concerns and affects all the parties to the litigation. It is without application to a suit where several complainants, acting individually and not jointly, are seeking to enforce their respective claims against a single defendant, each claim being less than the jurisdictional minimum (*Winrod* v. *Wolters,* 141 Cal. 399, 402, 403 [74 Pac. 1037]; *Colla* v. *Carmichael U-Drive Autos, Inc.,* 111 Cal. App. (Supp.) 784 [294 Pac. 378]), or to a case where a single plaintiff is seeking to enforce separate demands against several defendants, the amount demanded of each defendant being under the jurisdictional minimum (*Myers* v. *Sierra Valley etc. Assn.,* 122 Cal. 669 [55 Pac. 689]). The complaint here involved indicates that the plaintiff is seeking from each defendant an amount in excess of the jurisdictional minimum of the respondent Superior Court. This being so, the cause is within its jurisdiction."

By analogy we conclude that the principles announced in the foregoing rule should be held to apply to each of the two groups of spouses in the instant case. The money recovered by each group is community property in which the husband and wife have present, existing and equal interests (sec. 161a, Civ. Code), though not equal power of management, control or disposition. (Secs. 172, 172a, Civ. Code.) To the extent that the damages recovered belong to the community and its members equally, the husband and wife are jointly and not separately interested in the total amount recovered whether the recovery be in their names jointly or individually. We therefore conclude that for the purpose of measuring the jurisdiction of the superior court the sum of the totals of the amounts sought to be recovered by each spouse should be determinative. It follows that since Mr.

and Mrs. Frost sought recovery of damages in the total sum of $1840 and Mr. and Mrs. Castle in the sum of $1,065, that the damages grew out of a single automobile accident and were recoverable from the same group of defendants, the Superior Court of San Diego County had original jurisdiction of the action.

We are assisted in reaching this conclusion by the case of *Thomas* v. *Smith,* 2 Cal. App. (2d) 701 [38 Pac. (2d) 827]. That case, like this, was one in which a husband and wife sued for damages resulting from an automobile accident. The jury returned one verdict for the husband for $1,041 and another for his wife for $1500. Separate judgments were entered on the verdicts. The defendant moved to strike the cost bill of plaintiffs on the ground that neither judgment equaled $2,000, which was the maximum of the amount recoverable in the municipal court. The motion was denied by the trial court and its order was affirmed on appeal for the reason that while the trial court permitted divided verdicts and judgments the total of the separate recoveries of plaintiffs was for more than $2,000, which brought the case within the exclusive jurisdiction of the superior court. See, also, *Scott* v. *Allen,* 4 Cal. App. (2d) 621 [41 Pac. (2d) 371].

█ Appellants point out that the trial court allowed special damages in amounts greater than those alleged in the complaint. Twenty-five dollars was alleged as damages for medicines and care for Mrs. Frost. The trial court allowed $35. Guy O. Castle alleged damages of $15 for medicine and nursing for his wife. The trial court allowed him $35. Mrs. Castle alleged general damages of $500 with no allegation of special damages. The trial court allowed her general damages of $650 and $115 special damages.

The rule governing the maximum recovery where damages are alleged in the complaint is thus set forth in *Meisner* v. *McIntosh,* 205 Cal. 11 [269 Pac. 612]:

"By the complaint the plaintiff sought to recover damages for fraudulent representations made by the defendants whereby he was induced to convey certain real property of the fair market value of $1,000. There was evidence produced at the trial to the effect that said real property was of the fair market value of $1525. The trial court found in accordance with this evidence and rendered judgment in favor of plaintiff for this amount together with other amounts

hereinafter referred to. No amendment to the complaint to conform to this evidence was made or filed. Appellants contend that as the plaintiff alleged that he was damaged only in an amount of $1,000, it was error for the court to find, and upon such finding to award a judgment, in the sum of $1525, or in any amount exceeding the sum of $1,000. In this we think appellants are right. The authorities overwhelmingly support appellant's contention. 'The rule is firmly established that irrespective of what may be proved a court cannot decree to any plaintiff more than he claims in his bill or other pleadings.' (15 R. C. L. 604.) 'A judgment cannot be properly rendered for a greater sum, whether by way of debt or damages, than is claimed or demanded by plaintiff in his declaration or complaint.' (33 Cor. Jur. 1164.)''

Among the many other cases supporting this rule are *Kerry* v. *Pacific Marine Co.*, 121 Cal. 564 [54 Pac. 89, 66 Am. St. Rep. 65]; *Merced Irr. Dist.* v. *San Joaquin L. & P. Co.*, 220 Cal. 196 [29 Pac. (2d) 843]; *Brown* v. *Ball*, 123 Cal. App. 758 [12 Pac. (2d) 28]; *Monterey Park etc. Bank* v. *Bank of West Hollywood*, 125 Cal. App. 402 [13 Pac. (2d) 976]. This error does not require a reversal of the judgment, as we may correct it by reducing it. In making reductions, we regard the causes of actions and judgments of a husband and wife as joint.

The other questions argued by counsel do not need consideration here.

It is ordered that the judgment be and is hereby modified as follows: The portion of the judgment in favor of Bertha L. Frost is reduced by $10 to $525. The portion of the judgment in favor of Guy O. Castle is reduced by $20 to $215. The portion of the judgment in favor of Lillian Castle is reduced by $265 to $500. As so modified the judgment is affirmed. The respective parties will pay their own costs of appeal.

Jennings, Acting P. J., concurred.