**PRACTICE MANAGEMENT
ASSOCIATES, INC.,
Plaintiff,**

v.

**Patrick WALDING, Defendant.**

**No. 91–396–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 9, 1991.

Melissa Gilkey Mince, Fernandez & Saunders, P.A., Pinellas Park, Fla., for plaintiff.

Gene A. Turk, Jr., Carbondale, Ill., Frederick Timothy Lowe, Tampa, Fla., for defendant.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause comes before the Court on three motions filed by Plaintiff, Practice Management Associates, Inc. Plaintiff has filed a Motion to Strike Defendant's Plead-

ings, a Motion to Remand, and a Motion for Rule 11 Sanctions. The Court will consider each of these motions in this order.

## I. BACKGROUND

This case concerns a contractual dispute between the parties. Defendant, Patrick Walding, is a chiropractor who entered into a contract to buy practice management services from Plaintiff. The complaint alleges that Defendant is no longer paying for these services. Defendant responds with series of counterclaims claiming that Plaintiff breached the contract.

The complaint was filed in state court and was removed to this Court on Defendant's motion. Plaintiff promptly filed a Motion to Remand the case back to the state court. This started a sharp dispute which the court must now resolve.

## II. DISCUSSION

### A. Motion to Strike Defendant's Pleadings

■ Plaintiff moves to strike all of Defendant's Pleadings on the ground that Defendant's attorney, Gene Turk (FBN# 0459143), is not admitted to practice in the Middle District pursuant to Local Rule 2.01. While Defendant's attorney acknowledges his violation of the rule, he argues that such a sanction would be unduly harsh and would waste the time of the Court and the parties. Instead, Defendant's attorney contends that no sanction should be imposed because qualified local counsel has been associated in the case.

The Court agrees with Defendant's attorney that striking Defendant's pleadings is inappropriate. Such an extreme sanction would prejudice Defendant's cause for the technical errors of his attorney. On the other hand, the Court cannot agree with Defendant's attorney that this matter should be entirely disregarded. Local Rule 2.01 serves the important purpose of regulating and screening the attorneys who come before the Court. Allowing counsel

1. The Court notes that *Gaitor* is binding precedent in this circuit. *See Bonner v. City of Prich-*

to ignore Local Rule 2.01 without sanction will surely undermine that purpose. At the least, Defendant's attorney should reimburse Plaintiff's expenses incurred bringing this matter to the Court's attention. Accordingly, the Court suggests that Plaintiff submit a formal motion for sanctions on the record. Defendant's attorney will then be allowed an opportunity to respond.

### B. Motion to Remand

■ Plaintiff has filed a Motion to Remand this case to the state courts. Plaintiff alleges that the amount in controversy is less than the $50,000 required under 28 U.S.C. § 1332 to justify federal diversity jurisdiction. To support his claim, Plaintiff cites an *ad damnum* clause in ¶ 1 of the complaint: "This is an action for damages that exceed $10,000.00, but do not exceed $49,999.99." Plaintiff maintains that this clause conclusively establishes that the amount in controversy is less than $50,000.

■ The burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court. *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir.1961).[1] The removing party must make "an affirmative showing ... of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." *Gaitor*, 287 F.2d at 255. Furthermore, for the purpose of establishing the amount in controversy, "... the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Gaitor*, 287 F.2d at 254.

Defendant avers, however, that Plaintiff's claim for damages, limiting them to $49,999.99, was not made in good faith. First, Defendant notes that Plaintiff has previously filed at least one complaint with an identical *ad damnum* clause in a Florida court only to seek and collect an award far in excess of the $49,999.99 limit. *Practice Management Assoc., Inc. v. Astroth,*

*ard, Ala.,* 661 F.2d 1206, 1207 (11th Cir.1981).

No. 91–3310–19, Cir. Ct. for Pinellas County, Fl. (1991) (award of $72,975.00). Second, Defendant contends that the liquidated damages clause in the contract would entitle Plaintiff, if successful in this action, to at least $72,000 in damages, also exceeding the $50,000 threshold for federal jurisdiction. Finally, Defendant provides an affidavit from another attorney handling a number of nearly identical cases stating his belief that the complaint in this case will result in damages in excess of $50,000. In light of this evidence, the Court agrees that there is reason to doubt Plaintiff's good faith.

Nonetheless, Plaintiff claims that its waiver of damages above the $50,000 threshold allows it to defeat federal jurisdiction. While it has generally been recognized that a binding waiver will defeat removal to federal court, *St. Paul Mercury,* 303 U.S. at 294, 58 S.Ct. at 593, such a waiver will not suffice if it is unenforceable under state law. *Kliebert v. Upjohn Co.,* 915 F.2d 142, 147 (5th Cir.1990). The Court finds no precedent under Florida law requiring awards to be limited to the amount cited in the complaint. Moreover, *Astroth* confirms the ineffectiveness of *ad damnum* clauses to limit damages under Florida law. Therefore, the Court denies Plaintiff's Motion to Remand.

C. Motion for Rule 11 Sanctions

The Court, in its order of June 12, 1991, encouraged Plaintiff to file for Rule 11 sanctions stemming from Defendant's unsuccessful Motion to Strike Plaintiff's Motion to Remand. As noted in that opinion, the Court found Defendant's interpretation of 28 U.S.C. § 1447 grossly misleading and irresponsible. Although Defendant's attorney claims that he was confused by the wording of Plaintiff's Motion to Remand, the Court, upon review of Plaintiff's motion, can hardly believe that this was possible. Moreover, even if Defendant's attorney was somehow confused by Plaintiff's motion, it is well established

that good faith is insufficient to defeat sanctions. *Threaf Properties, Ltd. v. Title Ins. Co. of Minnesota,* 875 F.2d 831, 835 (11th Cir.1989). Because an abuse has been identified, the Court is compelled, under Fed.R.Civ.P. 11 to assess sanctions against Defendant's attorney, Gene Turk (FBN# 0459143).

In its Motion for Rule 11 Sanctions, Plaintiff submitted the following accounting of its costs to respond to Defendant's Motion to Strike:

| | | |
|---|---|---|
| 6/4/91 | Review mail, Defendant's Motion | .1 |
| 6/5/91 | Research to Respond | 1.0 |
| 6/5/91 | Draft Response to Motion to Strike | 1.5 |
| 6/18/91 | Research Motion to Sanction | 1.0 |
| 6/18/91 | Draft Motion to Sanction | 1.0 |
| | TOTAL TIME (in hours) | 4.6 |
| | LEGAL RATE (per hour) | $100 |
| | TOTAL FEES | $460 |

Defendant's attorney objects to the inclusion of preparation expenses for the Motion to Sanction. Generally, a party may recover only for the time spent responding to a frivolous pleading. *Unanue Casal v. Unanue Casal,* 132 F.R.D. 146, 152 (D.N.J.1989); *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 99 (3d Cir.1988). Thus, the Court will reduce the requested sanctions by two billable hours or $200, obtaining a total sanction of $260. The sanction will be assessed against Defendant's attorney, Gene Turk (FBN# 0459143), personally. Accordingly, it is

ORDERED that Plaintiff's Motion to Strike be denied; that Plaintiff's Motion to Remand be denied; that Plaintiff's Motion for Rule 11 Sanctions be granted; and that the Clerk of the Court shall enter judgment against Defendant's attorney, Gene Turk (FBN# 0459143) in the amount of $260.

DONE and ORDERED.