Terri DUNN, Plaintiff,

v.

**PEPSI–COLA METROPOLITAN BOTTLING COMPANY, INC., Defendant.**

**No. C 94–0016 WHO.**

United States District Court, N.D. California.

April 20, 1994.

---

854

Walter M. Schey, Walter M. Schey Law Offices, San Francisco, CA, for plaintiff.

Robert M. Cassel, Sullivan Roche & Johnson, San Francisco, CA, Robert T. Zielinski, Richard E. Lieberman, Ross & Hardies, Chicago, IL, for defendant.

## OPINION AND ORDER

ORRICK, District Judge.

In a motion to remand this case to state court, plaintiff raises a question of first impression; namely, whether in a diversity action she can escape federal jurisdiction by limiting her recovery in the *ad damnum* clause in the prayer of the complaint, filed in a California court, to an amount just below the jurisdictionally required $50,000. Plaintiff claims that, notwithstanding her damage allegations of more than twice the jurisdictional minimum, her *ad damnum* clause purporting to waive damages exceeding $49,900

should defeat federal jurisdiction. Under California law, however, plaintiff's recovery is limited not by her prayer but by the damages she alleges. Accordingly, plaintiff's motion to remand this case to state court is denied.

### I.

On April 5, 1993, Terri Dunn sued Pepsi–Cola Metropolitan Bottling Company, Inc. ("Pepsi"), for breach of covenant and defamation in the San Francisco Superior Court, alleging damages in excess of $100,000. Pepsi removed the action to this Court. Four days later, Dunn voluntarily dismissed the case and filed in Municipal Court a complaint identical to the original in all respects except that the second complaint waived damages exceeding $25,000. Dunn then amended this complaint to add two additional claims of defamation and transferred the case to Superior Court. Pepsi again removed the action to this Court, whereupon Dunn filed this motion to remand.

In her Amended Complaint, Dunn alleges $20,000 in general damages and requests $10,000 in punitive damages for each of the three defamation claims. Dunn also alleges unspecified damages for lost wages, benefits, and severance pay that should amount to more than $25,000 as Dunn was fired over a year ago and her annual salary alone was $25,000. Thus, the damages alleged total more than $100,000. Dunn's complaint, however, includes an *ad damnum* clause praying "judgment against Defendant for a total amount not to exceed $49,900."

### II.

 Dunn moves to remand this case to state court for failure to satisfy the amount in controversy requirement for diversity jurisdiction. The linchpin of her motion is the binding force of an *ad damnum* clause that attempts to waive damages exceeding the jurisdictional minimum, an issue unresolved by federal courts interpreting California law.[1] Generally, a "plaintiff who has a claim for

---

1. Federal courts look to state law to determine the amount in controversy. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 352, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961); *see also Roberson v.* *Dale,* 464 F.Supp. 680, 683 (M.D.N.C.1979) (Courts should "apply[] the forum state's rules regarding the measure of damages and the availability of special and punitive damages.").

more than the jurisdictional amount may waive part of it and bring a nonremovable action in a state court for less than the statutory minimum and thereby prevent removal." 21 Charles A. Wright, et al., *Federal Practice and Procedure* § 3725 at 418–19 (1985). But in states that do not recognize an *ad damnum* clause as an enforceable limit on plaintiff's ultimately recovery, "the principle that a party may defeat removal by limiting the claim to less than the required amount would have no application." *Id.* § 3725 at 425.

■ The removal statute must be strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

■ The "general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' " *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 352, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). Both parties in the instant matter root their arguments in the complaint: Pepsi relies on the damage allegations, Dunn the *ad damnum* clause. Resolution of this issue then, hinges, not on good faith, but whether either portion of the complaint would act as a ceiling on plaintiff's recovery.

California lacks case law addressing specifically the binding effect of a prayer that purports to limit plaintiff's recovery below the damages alleged. Instead, "the 'well settled' rule ... that a plaintiff may secure relief different from or greater than that demanded in the complaint" is derived from cases in which plaintiffs sought to *enlarge* their recoveries beyond the prayers of their complaints. *Damele v. Mack Trucks, Inc.,* 219 Cal.App.3d 29, 267 Cal.Rptr. 197, 202 (1990); *see also Castaic Clay Mfg. Co. v. Dedes,* 195 Cal.App.3d 444, 240 Cal.Rptr. 652, 655 (1987) ("It is not the prayer of a pleading which is controlling; it is the averment contained in the pleading which determines the maximum sum which may be awarded the claimant."). Nonetheless, the general rule has been fashioned broadly enough to encompass the facts of the instant case. Thus, the Court concludes that Dunn's recovery would be limited not by her *ad damnum* clause, but rather, by the damages she alleges.[2]

■ Facing remarkably similar circumstances, the District Court for the Middle District of Florida also denied a motion to remand to state court. In *Practice Management Assocs., Inc. v. Walding,* 138 F.R.D. 148 (M.D.Fla.1991), plaintiff sued for breach of contract. Although a liquidated damages clause would have entitled plaintiff to $72,000 in damages, *Id.* at 150, plaintiff's *ad damnum* clause requested "damages that exceed $10,000.00, but do not exceed $49,999.99," *Id.* at 149. The court observed that "[w]hile it has generally been recognized that a binding waiver will defeat removal to federal court, such a waiver will not suffice if it is unenforceable under state law." *Id.* at 150 (citations omitted). Finding "no precedent under Florida law requiring awards to be limited to the amount cited in the complaint," the court denied the motion to remand. *Id.* Because under California law, Dunn's attempt to limit her recovery would be similarly unavailing,[3] and because Dunn alleges damages exceed-

2. Dunn initially cited in support of her argument *Frost v. Mighetto,* 22 Cal.App.2d 612, 616–17, 71 P.2d 932 (1937), in which the California Court of Appeal held that "[a] judgment cannot be properly rendered for a greater sum, whether by way of debt or damages, than is claimed or demanded by the Plaintiff in his declaration or Complaint." *Frost,* however, did not distinguish between a general prayer for relief and damages alleged in the averments. *Damele* and *Castaic,* more recent analyses of California law, make this distinction an important one.

3. Dunn proclaims that "[n]o California case has ever allowed a plaintiff to recover an amount that exceeded a voluntary limitation in the prayer." (Pl.'s Reply at 3.) As the *Practice Management* case suggests, however, Dunn has put the shoe on the wrong foot. Given the uniqueness of the circumstances that would induce a plaintiff to voluntarily limit her recovery, it is Dunn who needs to cite authority finding such a limitation enforceable. The Court doubts such authority exists. Instead, as *Damele* and *Castaic* indicate, only the damages Dunn alleges would limit her recovery.

ing the jurisdictional minimum, Dunn's motion to remand is denied.[4]

---

4. Pepsi contends that Dunn's motion to remand "is so frivolous that this Court should award" Pepsi its attorney's fees and costs "as a sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure." (Def.'s Response at 1.) Pepsi did not, however, make "this motion separately from other motions or requests" in accordance with Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure, as amended April 22, 1993. Even if the Court were to ignore Pepsi's procedural miscue, Dunn's motion does not seem designed "to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11(b)(1). Dunn presented an unresolved question of law in this motion. Accordingly, Pepsi's request for Rule 11 sanctions is denied.