Dennis W. LOVELL and Pacific Holdings, LLC, a Nevada limited liability company, Plaintiffs,

v.

BAD ASS COFFEE COMPANY OF HAWAII, INC., a Utah corporation, Michael Bilanzich, Jeffrey Thompson, Karen Pugh, Mike Blair, Does 1–30, Defendants.

No. Civ. 00–00249SOM/LEK.

United States District Court,
D. Hawai'i.

June 21, 2000.

1234

Charles M. Heaukulani, Brooks Tom Miller & Porter, Kailua–Kona, Hawaii, for plaintiff.

George W. Brandt, Lyons Brandt Cook & Hiramatsu, Honolulu, Hawaii, Stephen Mitchell, Burbidge & Mitchell, Salt Lake City, Utah, for defendant.

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND AND DENYING DEFENDANTS' (1) MOTION TO DISMISS DEFENDANTS MICHAEL BILANZICH AND C. JEFFREY THOMPSON FOR LACK OF PERSONAL JURISDICTION; AND (2) MOTION TO DISMISS, TRANSFER OR STAY ACTION BY DEFENDANTS BAD ASS COFFEE COMPANY OF HAWAII, INC. AND MICHAEL BILANZICH

MOLLWAY, District Judge.

This is a breach of contract action brought by Plaintiffs Dennis Lovell ("Lovell") and Royal Pacific Holdings, LLC ("Royal") (collectively "Plaintiffs") against Defendants Bad Ass Coffee Company of Hawaii, Inc. ("BACH"), Michael Bilanzich ("Bilanzich"), Jeffrey Thompson ("Thompson"), Karen Pugh ("Pugh"), Mike Blair ("Blair"), and various Doe Defendants (collectively "Defendants"). Plaintiffs claim that Defendants breached a settlement agreement that allowed Plaintiffs to use the Bad Ass Coffee Company trademark in connection with the operation of the Original Bad Ass Coffee Company Store in Kainaliu–Kona, Hawaii ("Original Store").

Plaintiffs have moved to remand this case, arguing that this court lacks subject matter jurisdiction. Because the court lacks diversity, as well as federal question jurisdiction, the court remands this case.

## BACKGROUND

On March 6, 2000, Plaintiffs, proceeding pro se, filed this action in the Circuit Court of the First Circuit, State of Hawaii. That action, Civil No. 00–1–2047–03, asserted claims for breach of contract, blight of title, and filing of a fraudulent lien against BACH, Bilanzich, Thompson, and various Doe Defendants. On April 3, 2000, Plaintiffs, represented by counsel, filed a First Amended Complaint, adding Defendants Pugh and Blair, and adding claims for tortious breach of contract, negligent and/or intentional misrepresentation, fraud, promissory estoppel, intentional and/or negligent interference with prospective economic advantage, unjust enrichment, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress.

Plaintiffs claim that Lovell, a Hawaii resident, operated coffee shops in Hawaii under the trade name "Bad Ass Coffee Company." According to Plaintiffs, Lovell established Royal, a Nevada limited liability company, in 1993 to acquire coffee and related products for his coffee shops and to apply for a national registration of the Bad Ass Coffee Company's trademarks and logos.

In September 1995, Bilanzich became an investor in and the president of Royal. Two years later, in July 1997, Bilanzich allegedly forced Lovell out of ownership of Royal and the Original Store. According to Plaintiffs, Bilanzich subsequently breached the terms under which he had become the owner of Royal and the Original Store. As a result of the alleged breach, Lovell attempted to regain control of Royal and the Original Store.

To resolve this dispute, Bilanzich entered into a Confidential Settlement Agreement and Mutual Release with Lovell, Royal, and others. According to Plaintiffs, "[a]s partial consideration for the Lovell family's release of claims, Bilanzich agreed to transfer the Original Store, and all assets related thereto, including the Bad Ass Coffee Company trade name, to the Lovell family, free and clear forever and without reservation." As further consideration, Bilanzich and BACH allegedly "agreed to affirm the Lovell family's ownership of five (5) Bad Ass Coffee Company licenses in the State of Hawaii."

In contravention of this agreement, BACH allegedly filed a fraudulent UCC–1 in the State of Hawaii's Bureau of Conveyances. In addition, "[b]eginning in September 1999 ... Bilanzich and BACH have claimed that Lovell has no right to use the Bad Ass Coffee Company trademark, trade name or logo in connection with the operation of their business at the Original Store." Pugh and Blair have allegedly "worked hand-in-hand with Defendants ... to prevent Plaintiffs from using the Bad Ass Coffee Company trademark, trade name or logos in connection with the operation of their business at the original store."

Plaintiffs seek compensatory and punitive damages, declaratory and injunctive relief, and fees and costs.

On April 4, 2000, Defendants removed the case to this court. Plaintiffs moved to remand this case, and Defendants filed their "(1) Motion to Dismiss Defendants Michael Bilanzich and C. Jeffrey Thompson For Lack of Personal Jurisdiction; and (2) Motion to Dismiss, Transfer or Stay Action by Defendants Bad Ass Coffee Company of Hawaii, Inc. and Michael Bilanzich." [1]

Because this court lacks subject matter jurisdiction, the court remands the case, and denies as moot Defendants' motions to dismiss.

## STANDARD

▇▇▇ When a case is removed to federal court, there is a strong presumption against federal court jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990)). A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction. *See id.; see also Nishimoto*, 903 F.2d at 712 n. 3.

▇▇▇ The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *See Gaus*, 980 F.2d at 566; *Dunn v. Pepsi–Cola Metropolitan Bottling Co., Inc.*, 850 F.Supp. 853, 855 (N.D.Cal. 1994). Courts should resolve doubts in favor of finding a lack of federal jurisdiction and thus in favor of remand. *See id.*

## ANALYSIS

### I. *Plaintiffs' Motion for Remand*

▇▇▇ "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.1998); *see also Clinton v. Acequia, Inc.*, 94 F.3d 568, 570 (9th Cir.1996) ("[a] defendant ordinarily may remove a state court action to federal court only if the plaintiff could have brought it there originally"). "The

---

**1.** Both Plaintiffs' motion for remand and Defendants' opposition papers are in violation of the Local Rules as they are in space-and-a-half format. Local Rule 10.2 requires that "[a]ll papers ... be double-spaced."

burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)).

### A. *Diversity Jurisdiction*

Federal district courts have original jurisdiction over cases between citizens of different states. *See* 28 U.S.C. § 1332(a). A defendant may remove such an action to federal court provided that no defendant is a citizen of same state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Because Plaintiff Lovell is a resident of Hawaii, and Defendants Pugh and Blair are also Hawaii residents, diversity jurisdiction is lacking unless Pugh and Blair were fraudulently joined.

 "Fraudulent joinder is a term of art" and does not require an ill motive. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). A resident defendant is fraudulently joined if a plaintiff states no cause of action against the resident defendant who otherwise destroys diversity, and if "the failure is obvious according to settled law of the state." *Id.* The defendant alleging fraudulent joinder has the burden of demonstrating the failure. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The presence of a fraudulently joined resident defendant will not defeat diversity jurisdiction and does not require a remand on jurisdictional grounds. In determining whether there has been fraudulent joinder, the court may go outside the pleadings, and the defendant may present

facts showing that the joinder is fraudulent. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.), *cert. denied*, 525 U.S. 963, 119 S.Ct. 407, 142 L.Ed.2d 330 (1998). There is a distinction, however, between a complete lack of a cause of action against a sham defendant and an "inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action." *Id.* A finding of fraudulent joinder is improper if the defendant's assertions go to " 'the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants.' " *Id.* (quoting *Chesapeake & Ohio R. Co. v. Cockrell*, 232 U.S. 146, 153–54, 34 S.Ct. 278, 58 L.Ed. 544 (1914)).

 This court examines whether Plaintiffs have failed to state a claim against the resident defendants, Pugh and Blair, under the settled law of Hawaii. *See McCabe*, 811 F.2d at 1339. At the very least, Plaintiffs have pled a claim for tortious interference with prospective business advantage against Pugh and Blair. *See Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co., Inc.*, 91 Hawai'i 224, 982 P.2d 853, 887 (1999).[2] The elements of a claim for tortious interference with prospective business advantage are: (1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff; (2) knowledge of the relationship, advantage, or expectancy by the defendant; (3) a purposeful intent to interfere with the relationship, advantage, or expectancy; (4) legal causation between the act of interference

---

**2.** Plaintiffs also appear to have alleged a claim for tortious interference with contractual relationship. The elements of a tortious interference with contractual relationship claim are:

(1) a contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional inducement of the third party to breach the contract; (4) the absence of justification on the defendant's part; (5) the subsequent breach of the contract by the third party; and (6) damages to the plaintiff.

*Lee v. Aiu*, 85 Hawai'i 19, 936 P.2d 655, 668 (1997) (citing *Weinberg v. Mauch*, 78 Hawai'i 40, 890 P.2d 277, 287 (1995)).

and the impairment of the relationship, advantage, or expectancy; and (5) actual damages.

*Id.* According to the First Amended Complaint, Pugh and Blair have allegedly "prevent[ed] Plaintiffs from using the Bad Ass Coffee Company trademark, trade names, or logos in connection with the operation of their business" and Pugh has allegedly made "false characterization[s] and misrepresentations . . . in an effort to harm Plaintiffs and to keep Plaintiffs from obtaining further business opportunities." First Amended Complaint ¶¶ 27–28. As alleged, Plaintiffs state a claim of tortious interference with prospective business advantage against Pugh and Blair.[3]

Because Defendants have not met their burden of proving fraudulent joinder, the presence of a Hawaii plaintiff and legitimate Hawaii defendants destroys diversity jurisdiction.

### B. *Federal Question Jurisdiction*

A district court without diversity jurisdiction must remand a case unless it raises a federal question. *See* 28 U.S.C. §§ 1441, 1447(c). Under section 1441(b), a federal court has jurisdiction if a federal claim is alleged in the Complaint. In scrutinizing a complaint to see if it raises a federal question, a court applies the "well-pleaded complaint rule," which provides that a federal question must appear on the face of a properly removed complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998); *Sullivan v. First Affiliated Securi-*

*ties, Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987).

A defense based on federal law is not sufficient to give rise to federal jurisdiction. *See Clinton*, 94 F.3d at 570 ("a defendant may not invoke removal jurisdiction simply by asserting a federal defense"). "The plaintiff is 'master to decide what law he will rely upon,' and, if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." *Sullivan*, 813 F.2d at 1371–72 (internal citations omitted).

Defendants argue that Plaintiffs' First Amended Complaint alleges trademark infringement claims over which this court has jurisdiction under the Lanham Act, 15 U.S.C. § 1121.[4] In order for this statute to be applicable, Defendants must prove that Plaintiffs' complaint "allege[s] at least one claim 'arising under' the Lanham Act (i.e. under federal trademark law)." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996).

"[F]ederal jurisdiction [in a trademark dispute] extends 'only to those cases in which a well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [federal trademark] law is a necessary element of one of the well-pleaded claims.'" *Id.* at 1486 (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800,

---

**3.** Defendants argued at the hearing on this remand motion that Plaintiffs must not only allege cognizable claims against Pugh and Blair, but must also demonstrate a basis for imputing Pugh and Blair's wrongful conduct to BACH, Bilanzich, and Thompson. According to Defendants, Plaintiffs are required to plead and make some showing of a conspiracy among BACH, Bilanzich, Thompson, Pugh, and Blair. Defendants, however, cite no legal authority for the proposition that there is a fraudulent joinder if alleged acts by Pugh and Blair cannot be imputed to other Defendants. Nor has the court found any cases to support this argument. Accepting Defendants' argu-

ment would lead to piecemeal litigation. Plaintiffs have sufficiently pled Pugh and Blair's allegedly wrongful activity as arising out of the same set of circumstances as the wrongful activity alleged against BACH, Bilanzich, and Thompson.

**4.** The Lanham Act provides, at section 1121(a), that "[t]he district . . . courts of the United States shall have original jurisdiction . . . of all actions arising under [the Lanham Act], without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

808–09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).

██ Plaintiffs rely on no federal statute, rule, or regulation in the First Amended Complaint; nor do they expressly seek any of the broad remedies available under the Lanham Act. In their motion for remand, Plaintiffs expressly deny bringing any claims under the Lanham Act. Accordingly, the face of the First Amended Complaint does not state a Lanham Act claim, and the first prong of the *Christianson* test is not met. *See id.* (citing *Utley v. Varian Assoc., Inc.*, 811 F.2d 1279, 1283 n. 2 (9th Cir.), *cert. denied*, 484 U.S. 824, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987)).

██ The First Amended Complaint also fails *Christianson*'s second prong. To satisfy the second prong, Defendants "must show that resolution of a federal trademark law question is essential to each of the alternative theories in support of any one of the . . . causes of action in the complaint." *Id.* at 1486. Defendants argue that federal trademark law must be resolved to determine whether the Bad Ass Coffee Company trademark was abandoned. There is no indication, however, that abandonment of the mark must be decided in this case. Plaintiffs are claiming that their right to utilize the mark is based on a contract and/or a license. If Plaintiffs establish a breach of contract, the issue of whether a trademark has been abandoned conceivably need not be determined.

Defendants have not met their burden of proving that Plaintiffs' claims are cognizable only under the Lanham Act. Accordingly, the court lacks federal jurisdiction.

II. *Defendants' "(1) Motion to Dismiss Defendants Michael Bilanzich and C. Jeffrey Thompson for Lack of Personal Jurisdiction; and (2) Motion to Dismiss, Transfer or Stay Action by Defendants Bad Ass Coffee Company of Hawaii, Inc. and Michael Bilanzich"*

Because the court grants the motion for remand for lack of subject matter jurisdiction, the court denies as moot Defendants' "(1) Motion to Dismiss Defendants Michael Bilanzich and C. Jeffrey Thompson For Lack of Personal Jurisdiction; and (2) Motion to Dismiss, Transfer or Stay Action by Defendants Bad Ass Coffee Company of Hawaii, Inc. and Michael Bilanzich."

*CONCLUSION*

Based on the foregoing, the court GRANTS Plaintiffs' Motion For Remand and DENIES Defendants' "(1) Motion to Dismiss Defendants Michael Bilanzich and C. Jeffrey Thompson For Lack of Personal Jurisdiction; and (2) Motion to Dismiss, Transfer or Stay Action by Defendants Bad Ass Coffee Company of Hawaii, Inc. and Michael Bilanzich." The Clerk of the Court is directed to send a certified copy of this remand order to the Clerk of the state court pursuant to 28 U.S.C. § 1447.

IT IS SO ORDERED.